## Commonwealth v. Hounchell.

Oct. 27, 1939.

Hubert Meredith, Attorney General, William Hayes, Assistant Attorney General, Sylvester V. Little and F. P. Stivers for appellant.

Roy W. House and A. T. W. Manning for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Certifying the law.

Harvey Hounchell was tried for the malicious wounding of John Ferman and acquitted. The Commonwealth appeals to have the law certified, contending that the court committed error in giving to the jury an unqualified instruction on the defendant's right of self-defense and defense of his brother, Steve Hounchell.

Evidence for the Commonwealth was to the effect that Steve Hounchell, in the presence of John Ferman, a constable of Clay County, committed the offense of carrying concealed about his person a deadly weapon; that Ferman attempted to arrest him therefor and the arrest was resisted, a fight then occurring between the constable and Steve Hounchell; that Harvey Hounchell intervened in this fight, this intervention finally resulting in Harvey Hounchell shooting the constable.

Evidence for the defendant was to the effect that Harvey Hounchell had not committed any offense at the time of the attempted arrest and that the constable used unreasonable and unnecessary force in attempting to make an unjustified arrest, which force was resisted by Steve Hounchell, resulting in a fight between him and the constable, during which the constable drew his knife and attempted to cut Steve. The defendant testified that he was informed of the fight between his brother and the constable and came into the room where the fight was in progress and saw Ferman attempt to hit his brother over the head with a pistol and then try to shoot him, whereupon he grabbed the pistol and took it from Ferman, and that during the subsequent course of the altercation the pistol was accidentally discharged, wounding Ferman.

From this statement of the evidence it is apparent that the trial court erred in giving the unqualified instruction as to the defendant's right of self-defense and

defense of his brother. If Steve Hounchell committed the offense of carrying concealed a deadly weapon in the officer's presence, it was the duty of the officer immediately to arrest him and the duty of Steve Hounchell to submit to arrest. If he resisted arrest and in the course of the resistance assaulted the officer, the officer had a right to use such force as was reasonably necessary to overcome such resistance and make the arrest. Stevens v. Commonwealth, 124 Ky. 32, 98 S. W. 284, 30 Ky. Law Rep. 290; Commonwealth v. Marcum, 135 Ky. 1, 122 S. W. 215, 24 L. R. A., N. S., 1194. Under the Commonwealth's testimony, therefore, Steve Hounchell would not have been entitled to an unqualified self-defense instruction. In view of his testimony he would have been entitled to an instruction on self-defense which should have been qualified to meet the Commonwealth's theory of the case that he was resisting a lawful arrest. This being true, it necessarily follows that the instruction as to the right of the defendant, Harvey Hounchell, to act in self-defense or in the defense of his brother should have been qualified in the same manner.

There is considerable difference in the authorities as to the right of a person intervening in a difficulty in defense of another person, many authorities holding that if the intervenor had no knowledge that the person he sought to defend was in fault, he should be acquitted. In short, his right of intervention is made to depend on appearances at the time of intervention. In this state, however, the question has been definitely settled and it is held that the intervenor steps into the place of the person he seeks to defend and that there attaches to him not only the rights but also the responsibilities of the one whose cause he espouses. Stanley v. Commonwealth, 86 Ky. 440, 6 S. W. 155, 9 Ky. Law Rep. 655, 9 Am. St. Rep. 305; McIntosh v. Commonwealth, 96 S. W. 917, 29 Ky. Law Rep. 1100; McHargue v. Commonwealth, 231 Ky. 82, 21 S. W. (2d) 115, 119. In the latter case, where a defendant intervened in a conflict in defense of his brother and had no knowledge of what had transpired previous to such intervention, the court said: "His right to defend his brother was no greater than the brother's right to defend himself. He stood in the place of his brother."

We see no reason to depart from the settled policy of the law on this question as established by our decisions. It seems to us the sounder view.

With these considerations in view, it is obvious that the instruction given to the trial court on self-defense and on the defendant's right to defend his brother should have been qualified. Such qualification should have been in substantially the following form: However, if you believe from the evidence beyond a reasonable doubt that John Ferman at the time in controversy was a constable of Clay County and that Steve Hounchell in Clay County in the presence of said Ferman did unlawfully carry, concealed on or about his person, a pistol, a deadly weapon, then it was the right and duty of Ferman immediately and without warrant to arrest said Steve Hounchell by taking him into custody and the duty of said Steve Hounchell to submit to arrest and, in making the arrest, if said Steve Hounchell resisted with force with intent to prevent the arrest and assaulted said Ferman with that intent, then Ferman had the right to use such force as was reasonably necessary in the exercise of a reasonable judgment to overcome such resistance and make the arrest and the defendant, Harvey Hounchell, should not be acquitted on the ground of self-defense or defense of his brother, Steve Hounchell, if he intervened in the difficulty between Ferman and Steve Hounchell in order to avert danger to Steve Hounchell from the use of such force by Ferman.

The trial court was in error in failing to qualify the instruction complained of substantially as indicated. The law is so certified.