Per Curiam.

Whether one, who in good faith aggressively intervenes in a struggle between another person and a police officer in civilian dress attempting to effect the lawful arrest of the third person, may be properly convicted of assault in the third degree is a question of law of first impression here.
*275 The opinions in the court below in the absence of precedents in this State carefully expound the opposing views found in other jurisdictions. The majority in the Appellate Division have adopted the minority rule in the other States that one who intervenes in a struggle between strangers under the mistaken but reasonable belief that he is protecting another who he assumes is being unlawfully beaten is thereby exonerated from criminal liability (e.g., State v. Chiarello, 69 N. J. Super. 479, cert. den. 36 N. J. 301; Kees v. State, 44 Tex. Cr. Rep. 543; Little v. State, 61 Tex. Cr. Rep. 197; Brannin v. State, 221 Ind. 123; State v. Mounkes, 88 Kan. 193). The weight of authority holds with the dissenters below that one who goes to the aid of a third person does so at his own peril (e.g., Thompson v. State, 37 Ala. App. 446; Griffin v. State, 229 Ala. 482; Commonwealth v. Hounchell, 280 Ky. 217; McHargue v. Commonwealth, 231 Ky. 82; State V. Best, 91W. Va. 559; 6 C. J. S., Assault and Battery, § 93, p. 950).
While the doctrine espoused by the majority of the court below may have support in some States, we feel that such a policy would not be conducive to an orderly society.-' We agree with the settled policy of-law in most jurisdictions that the right of a person to defend another ordinarily should not be greater than such person’s right to defend himself. Subdivision 3 of section 246 of the Penal Law does not apply as no offense was being committed on the person of the one resisting the lawful arrest. Whatever may be the public policy where the felony charged requires proof of a specific intent and the issue is justifiable homicide (cf. People v. Maine, 166 N. Y. 50), it is not relevant in a prosecution for assault in the third degree where it is only necessary to show that the defendant knowingly struck a blow.
In this case there can be no doubt that the defendant intended to assault the police officer in civilian dress. The resulting assault was forceful. Hence motive or mistake of fact is of no significance as the defendant was not charged with a crime requiring such intent or knowledge. To be guilty of third degree assault “ It is sufficient that the defendant voluntarily intended to commit the unlawful act of touching ” (1 Wharton’s Criminal Law and Procedure [1957], § 338, p. 685). Since in these circumstances the aggression was inexcusable the defendant was properly convicted.
*276 Accordingly, the order of the Appellate Division should be reversed and the information reinstated.