**UNITED STATES of America,**
**Plaintiff,**

v.

**Solomon BELL, Defendant.**
**No. 62–CR–351.**

United States District Court
E. D. New York.
June 11, 1963.

Joseph P. Hoey, U. S. Atty., for plaintiff. Raoul L. Felder, Asst. U. S. Atty., of counsel.

Schwartz & Duberstein, Brooklyn, N. Y., for defendant. Conrad B. Duberstein, Brooklyn, N. Y., of counsel.

MISHLER, District Judge.

This proceeding was tried by the Court without a jury.

Defendant is charged with an assault upon a Deputy United States Marshal while engaged in or on account of the performance of his duties (18 U.S.C. § 111).

The Court finds that on February 5, 1962, defendant assaulted a Deputy United States Marshal while the Deputy Marshal was engaged in the performance of his official duties. The Court also finds the Government failed to show that at the time of the assault defendant knew the person assaulted to be a class designated in 18 U.S.C. § 1114.[1]

The Government urges it need only prove the assault of a federal officer while engaged in or on account of his official duties. The Court disagrees. Defendant's knowledge that the person assaulted was a federal officer, is an essential element of the crime. It was so found by the Supreme Court in Pettibone v. United States, 1893, 148 U.S. 197, 13 S.Ct. 542, 37 L.Ed. 419 interpreting a statute providing criminal sanction against anyone who " * * * by threats or force, endeavors to influence, intimidate, or impede any witness, or officer in any court of the United States, in the discharge of

his duty." The Court said (148 U.S. at p. 206–207, 13 S.Ct. at p. 546–547):

"It seems clear that an indictment * * * must charge knowledge or notice, or set out facts that show knowledge or notice, on the part of the accused that the witness or officer was such. * * * The obstruction of the due administration of justice in any court of the United States * * * is indeed made criminal, but such obstruction can only arise when justice is being administered. Unless that fact exists, the statutory offense cannot be committed; and while, with knowledge or notice of that fact, the intent to offend accompanies obstructive action, without such knowledge or notice the evil intent is lacking. It is enough that the thing is done which the statute forbids, provided the situation invokes the protection of the law, and the accused is chargeable with knowledge or notice of the situation; but not otherwise."

See also Walker v. United States, 1938, 8 Cir., 93 F.2d 792; Palmquist v. United States, 1945, 5 Cir., 149 F.2d 352, cert. denied 326 U.S. 727, 66 S.Ct. 33, 90 L.Ed. 431; Hargett v. United States, 1950, 5 Cir., 183 F.2d 859; Carter v. United States, 1956, 5 Cir., 231 F.2d 232, cert. denied 351 U.S. 984, 76 S.Ct. 1052, 100 L.Ed. 1498; Hall v. United States, 1956, 5 Cir., 235 F.2d 248.

Two reported cases are offered by the Government in support of its position, McNabb v. United States, 1941, 6 Cir., 123 F.2d 848, reversed on other grounds, 1943, 318 U.S. 332, 63 S.Ct. 608, 87 L. Ed. 819, rehearing denied, 319 U.S. 784, 63 S.Ct. 1322, 87 L.Ed. 1727, and Bennett v. United States, 1960, 5 Cir., 285 F.2d 567. McNabb v. United States is inapposite since the defendant, there, was charged with murder, not with resisting a federal officer. Hargett v.

---

1. Title 18 U.S.C. § 111
"Whoever forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or

on account of the performance of his official duties, shall be fined not more than $5,000 or imprisoned not more than three years, or both."

United States, supra, at page 864. In Bennett v. United States, supra, the court cited McNabb v. United States, supra, with approval. In affirming, the Court of Appeals pointed out " * * * the trial judge instructed the jury that, to find the appellant guilty of the crimes with which he was charged, they must find' that he knew that the officers he was assaulting were federal officers * * *." Id. 285 F.2d at 571. Cf. People v. Young, 1962, 11 N.Y.2d 274, 229 N.Y.S.2d 1, 183 N.E.2d 319.

The Court finds the defendant not guilty. The indictment is dismissed. The defendant is discharged.