(No. 36832.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* HOMER McCALL, Plaintiff in Error.

*Opinion filed November 26, 1963.*

WILLIAM H. CHRISTISON, of Peoria, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and JAMES V. CUNNINGHAM, State's Attorney, of Peoria, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and JAY H. JANSSEN, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE HOUSE delivered the opinion of the court:

Homer McCall was found guilty of robbery by a jury in the circuit court of Peoria County and the court sentenced

him to the penitentiary for a term of 4 to 8 years. A writ of error has been issued to review his conviction.

About 8:50 P.M. on December 3, 1960, Mildred Mc-Broom was returning to her home located on the northwest corner of Ayres and Waverly in the city of Peoria after visiting her niece. Her home faces south on Ayres and her garage is to the rear of her home facing east on Waverly. She described the area as well lighted by a street light on the corner of Ayres and Waverly, by a light from a fire station across the street from her garage, and from a lighted sign over the door of a tavern down the street. She drove her car into the garage and had just closed the garage door when she noticed a car parked at the corner of Ayres and Waverly. A man got out of the car, walked into her yard and asked her where someone lived. She said she did not know. The man then grabbed her purse and after dragging her a distance of 15 to 20 feet, succeeded in pulling the purse from her. The purse contained $19.34, consisting of three $5 bills, one of which was old and folded, three $1 bills, two half-dollars, one quarter, one nickel and four pennies. There was also a silver dollar in the purse. After he got the purse, he ran to the car and drove away. Although she had chased the man to the car and was close enough to it that gravel flew back and hit her as it drove away, she was unable to get the license number and could not state the model or color of the car. She then went into the tavern and telephoned the sheriff's office. The sheriff's deputies arrived and she told them what had happened.

Officers Allison and Tucker of the Peoria police department testified that they were on duty in a police car about 9:00 P.M. on December 3, 1960, when a general call went out to all police cars that there had been a "purse snatch" by a colored male wearing a red sweater or shirt and khaki pants. They drove to Seventh Street and Sheridan where they noticed a colored male, the defendant, wearing a red shirt or sweater and khaki pants walking toward the Veter-

an's Club, a tavern at Sixth Street and Sheridan. They stopped him and asked him where he was going. He replied that he had just come from the Veteran's Club. The officers took him to the police station and they found he had $19 in bills and 34 cents in change on his person, including an old folded $5 bill. He did not have the stolen purse or a silver dollar.

About 10 o'clock that evening the robbery victim was called to the police station to view the suspect. She identified the defendant as the man who had robbed her about one hour earlier.

The defendant's 15-year-old brother testified that about 7 o'clock that evening the defendant borrowed $20 from him. The brother said the $20 consisted of five $1 bills and large denomination coins which he had collected on his paper route. He said he did not loan him any $5 bills.

Jessie Byrd, a friend of defendant, testified that he went to the Veteran's Club between 3:00 and 4:00 o'clock in the afternoon and was there when the defendant came in about 7:00 or 7:30 o'clock. He talked with the defendant for a few minutes and then he went home to eat.

The defendant's mother testified that she lives across the street from the Veteran's Club. She said she saw the defendant coming out of the Veteran's Club at 8:55 o'clock. She started to watch a television program at 9:00 o'clock and did not see defendant leave with the police.

The defendant did not testify. Despite the positive identification of him by the victim of the robbery and the inferences drawn from the clothes he was wearing and the amount of money found on him one hour after the robbery, he contends the People failed to prove beyond a reasonable doubt that he was the person who committed the robbery.

The victim testified that she observed the robber for three to five minutes in a well lighted area. Her identification of the defendant at the police station, an hour after the robbery, and again at the trial was positive. The fact that

the identification was made by only one witness (*People* v. *Gray*, 24 Ill.2d 229,) that defendant was not with a group of men when viewed by her at the police station, (*People* v. *Clark*, No. 36835; *People* v. *Lamphear*, 6 Ill.2d 346,) and that she did not describe any specific physical features of the robber (*People* v. *Tunstall*, 17 Ill.2d 160,) does not destroy the credibility of her identification. The fact that she was unable to tell the color or model of the car in which the robber drove away or the car's license number only goes to the weight to be given her testimony.

The testimony of defendant's brother and his friend does not, of course, tend to establish an alibi. While the testimony of his mother tends to establish an alibi, the jury chose to believe the identification evidence of Mildred Mc-Broom. This was within the jury's province and we find no reason to disturb its finding of guilty.

The judgment of the circuit court of Peoria County is affirmed.

*Judgment affirmed.*