**People of the State of Illinois, Plaintiff-Appellee, v. Jean L. DeSavieu, Defendant-Appellant.**

**Gen. No. 53,128.**

First District, Third Division.
January 29, 1970.
Rehearing denied February 17, 1970.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Ronald P. Katz and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Richard Zulkey, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE McNAMARA delivered the opinion of the court.

Defendant, Jean L. DeSavieu, was charged with robbery. After a bench trial he was found guilty of that crime and sentenced to a term of 2 to 7 years. On this appeal, defendant contends that he was not proved guilty beyond a reasonable doubt, and that the identification procedure was so inherently suggestive that he was denied a fair trial.

Marnella Rederer, manager of a food store located at 4136 South Wentworth in Chicago, was robbed in the store on April 15, 1966 by two men, one of whom was masked. Two delivery men and a helper who were in the store during the robbery were forced into the basement, and were unable to identify either robber. The complaining witness identified defendant as one of the robbers. She testified that it was he who jumped over the counter next to her. He asked for the money, and she pointed to a file cabinet where the money was kept. Defendant took the money out of the drawer, and at the same time held a sawed-off shotgun on her. He then jumped over the counter again, and he and his companion fled. The incident took nearly five minutes. The store was well lighted, and defendant came next to her to take the money. He was approximately six to eight inches from her. She kept looking at defendant's face so that she would not forget it. She also testified that after the robbery she had a conversation with Officer McLeod of the Chicago Police Department. He brought many photographs to her. She did not remember how many, but she could not identify any of them. He then showed her a photograph of defendant, and she recognized him as

one of the robbers. The officer did not suggest to her who the robber was. Officer McLeod testified that he showed the complaining witness about twenty photographs, and that she identified defendant as one of the robbers from those photographs.

On April 25, 1966, the complaining witness viewed three men in a lineup, and identified defendant as one of the robbers. The other two men in the lineup were about the same height and weight as defendant.

The complaining witness recalled having a conversation with defendant's attorney some time prior to trial, but denied telling him that all Negroes look alike. She did tell the attorney that she had been unable to identify a man from a previous robbery.

One of the delivery men and the store clerk testified for the defense that they were present when two armed men robbed the store. They were forced into the basement by one of the robbers. They never had an opportunity to see either robber, and were unable to identify anyone. The delivery man testified that the robber in question was carrying a rifle.

Defense counsel testified that he had a conversation with the complaining witness a couple of months prior to trial. She told him that a detective had brought some photographs, but that she could not identify them because all Negroes look alike. The detective then brought one photograph and told her that this was the man, and she then identified him at a lineup. The attorney also testified that she discussed another robbery with him.

After both sides rested and had made final argument, the trial judge allowed a defense motion to reopen the case for additional cross-examination concerning the identification. The complaining witness testified that at the time of the robbery defendant was wearing a brown speckled coat, and had a hat or cap on his head. He was shorter and stockier than the other robber, who was thin, and was masked. Because she was unable to identify the

48

man who had robbed her previously, she concentrated on defendant's face so that she would not forget it. She could not recall what other description she had given the police concerning the robber.

Officer McLeod was also called for additional cross-examination as to the identification of defendant. The officer testified that he had received a detailed description from a witness who was outside the store at the time of the robbery. The officer also testified that the complaining witness described the robber in question as being 5 feet, 8 inches tall, with a mustache and black hair. She described him as having a dark complexion, but did not give his weight.

Defendant first contends that the identification made by the State's sole eyewitness was so vague, doubtful and unworthy of belief that it failed to establish defendant's guilt beyond a reasonable doubt.

It is well settled that a positive identification by one witness with sufficient opportunity to observe the defendant may be sufficient to sustain a conviction. People v. Mack, 25 Ill2d 416, 185 NE2d 154 (1962) ; People v. Upshaw, 58 Ill App2d 256, 207 NE2d 728 (1965). And the adequacy of the identification raises a question of the credibility of the witnesses which is a matter for the determination of the trier of fact with the superior opportunity not only to hear the testimony of the witnesses but to observe their demeanor while on the witness stand. People v. Jackson, 28 Ill2d 566, 192 NE2d 873 (1963). In weighing the evidence of identification, the surrounding circumstances, together with the probability or improbability of an adequate opportunity for definite observation must be considered. People v. Marshall, 74 Ill App2d 472, 221 NE2d 128 (1966).

In the instant case, we see no reason to disturb the trial court's finding that the identification was accurate. The complaining witness had an excellent opportunity to observe defendant for nearly five minutes in

a well-lighted store. Moreover this observation was made at close range, since she testified that, while defendant was taking the money, she was just a few inches away from him. She also testified that she kept on looking at his face so that she would not forget it. She explained this concentration on the fact that she was unable to identify the perpetrator of a previous robbery. She also identified defendant at a properly conducted lineup. While she was unable to recall the extent of her description to the police, the police officer testified that she did give a general description of the robber in question.

█ Defendant has not called our attention to any internal discrepancies in complaining witness's testimony. There were only minor discrepancies in the State's case. The delivery man testified that the robber was carrying a rifle, while the complaining witness testified that he was carrying a sawed-off shotgun. The police officer testified that the complaining witness selected defendant's photograph from a group of about twenty pictures shown to her, while she testified that she was unable to identify any of the pictures from the group shown to her, and that then the police officer showed her a photograph which she recognized as the robber. We do not believe that such minor discrepancies discredit the testimony of the complaining witness.

The complaining witness denied unequivocally that she told defense counsel that she was unable to identify the robber because all Negroes look alike. This testimony merely presented a conflict in the evidence which was resolved by the trier of fact.

Defendant next contends that the identification procedure was so unduly suggestive as to have denied him a fair trial.

The complaining witness testified that the police officer first produced a large number of photographs, from which she was unable to identify either of the robbers.

The officer showed her a photograph of defendant, and she identified him as one of the robbers. She also testified that the officer never made any suggestion to her as to who the robber was. While the police officer testified that she selected defendant's picture from the initial group of photographs shown to her, for the purpose of the argument that the photographic identification was unduly suggestive, we will accept the testimony of the complaining witness that she viewed defendant's picture separately.

■■ An out-of-court identification may be so suggestive as to deny defendant's right to due process; whether it is so suggestive depends upon the circumstances of each case. Stovall v. Denno, 388 US 293 (1967). This principle has been extended to photographic identifications. Simmons v. United States, 390 US 377 (1968). However in the Simmons case, in affirming the conviction, the court stated that convictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside on that ground only if the photographic identification was so suggestive as to give rise to a very substantial likelihood of irreparable misidentification.

■ Under the standard enunciated in the Simmons case, we find that the photographic identification in the instant case did not violate due process. The complaining witness had an excellent opportunity to view defendant during a daytime robbery in a well-lighted store. During the robbery, defendant stood only a few inches from her for several minutes while he obtained the money, and she testified that she concentrated on his face so that she would not forget him. She testified that she was shown a large group of pictures, but was unable to identify any of them. She was then shown a picture of defendant, and immediately identified it. Several days later, she identified defendant in a properly conducted lineup. It seems evident that the complaining witness's identifica-

tion of the defendant at trial was independent of the photograph, and was based on her observation of defendant at the scene of the crime.

Defense counsel testified that the complaining witness informed him that she was unable to identify anyone and that the police officer, when showing her defendant's picture, told her that this was the man. However the complaining witness denied making those statements and testified that the officer made no suggestion as to who the robber was. As we have noted, this testimony presented a conflict of evidence properly resolved by the trial judge. We therefore conclude that the fact that defendant's photograph was viewed separately was not so suggestive, without more, as to violate due process or to render inadmissible the in-court identification of defendant.

· The judgment of the Circuit Court is affirmed.

Judgment affirmed.

DEMPSEY, P. J. and SCHWARTZ, J., concur.