156

The People of the State of Illinois, Plaintiff-Appellee, *v.* Floyd True *et al.,* Defendants-Appellants.

(Nos. 53635, 53636 cons.; 

First District—May 19, 1971.

Nathaniel R. Howse and Charles A. Coleman, both of Chicago, for appellants.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle, Assistant State's Attorney, of counsel,) for the People.

Mr. PRESIDING JUSTICE ADESKO delivered the opinion of the court:

Defendants, Floyd True and Lloyd True, were charged with the crime of theft. Defendants were convicted in a bench trial and sentenced to serve 60 days at the State Farm in Vandalia. On appeal, defendants contend (1) the identification testimony of the complaining witness was insufficient to prove their guilt beyond a reasonable doubt; (2) the identifi-

cation procedure was highly suggestive; and (3) the trial court improperly considered evidence that was not in the record.

The complaining witness, Arthur Hall, testified that around 7:30 P.M., on September 29, 1967, he was asaulted while walking down South Lowe Street in the City of Chicago. One person, Jerry Singleton, ran past him on the street, then stopped and stated, "You insulted my wife." Another person, Lloyd True, came up to his side. He heard more people coming. He turned his head and saw the other True brother, Floyd, at close range. Then Jerry Singleton hit him in the nose; Lloyd True hit him in the eye and someone hit him across the neck. He was knocked down in a semiconscious state, bleeding from the nose and mouth. A police officer arrived and told him he was going to a doctor. As he got up off the ground, he checked his pocket and stated, "They got my money." He was missing $170.00.

■■ Defendants characterize the complaining witness' identification as vague, uncertain or otherwise unconvincing. We disagree. Arthur Hall had adequate opportunity to observe the defendants at close range on a well-lighted street in the early evening. A positive identification by one credible witness with adequate opportunity to observe the defendants is sufficient to sustain a conviction. (*People v. DeSavieu* (1970), 120 Ill.App.2d 45, 256 N.E.2d 80.) Defendants also contend that the identification by the complaining witness when set off against the testimony of defendants' alibi witnesses raises a reasonable doubt as to defendants' guilt. (*People v. Prinsen* (1969), 113 Ill.App.2d 363, 252 N.E.2d 101.) *People v. Prinsen* is wholly distinguishable from the case before us since there the complaining witness had bad eyesight and offered testimony of an unconvincing nature. In the instant case, Arthur Hall's identification of the True brothers was positive and certain. We reject defendants' first contention.

■■ Defendants next contend that since the complaining witness identified them prior to trial with the prompting of a Reverend Depee, the identification procedure was highly suggestive and prejudicial. The thrust of defendants' argument is that Reverend Depee, through his suggestions and descriptions, so influenced the complaining witness as to make his identification of the defendants at a subsequent showup in the police station meaningless. Reverend Depee's role is as follows:

Officer Robert Schewe testified that on September 30, 1967, the day after the incident, he went to Arthur Hall's home to investigate the case and was met by the complaining witness' neighbors and a minister, Reverend Depee. Reverend Depee, a minister active within the complaining witness' neighborhood, indicated to the officer that he was acquainted with most of the young men in the area and that the description of the

defendants given by Mr. Hall, especially the high pompadour hair styles, sounded as though it would fit Lloyd and Floyd True. The defendants were apprehended the same day. Mr. Hall identified them the following day at a police station showup.

In considering defendants' contention, we are compelled to point out that defendants failed to move to suppress the out-of-court and in-court identifications by the complaining witness. In addition, the record establishes that Arthur Hall's prior uninfluenced observations of the defendants were sufficient to serve as an independent origin for his in-court identification. Mr. Hall testified that he had seen the True brothers quite often before the incident. They had been dancing in his yard on the 4th of July when his son's combo did some entertaining. He did not know their names and only knew them as twins. We are mindful of the dangerous degree of improper suggestion inherent in showups, as enunciated by the Illinois Supreme Court in *People v. Blumenshine* (1969), 42 Ill.2d 508, 250 N.E.2d 152. The court in that case also stated on page 512:

> "Not every viewing of a suspect or suspects alone will be considered a denial of due process, for there may be justifying or saving circumstances. See, e.g., identifications upheld in: * * * (3) *People v. Robinson*, 42 Ill.2d 371, where the person identified was known to the witness prior to the crime."

In accordance with the rulings of *Blumenshine* and *Robinson*, we find the identification procedure employed did not violate due process and that the trial court properly concluded that the positive identification by the complaining witness was not significantly weakened by the absence of a line-up.

■■ Defendants' final contention is that certain remarks of the trial judge indicate that he improperly considered evidence that was not in the record. Defense counsel, after hearing the court's finding of guilty, stated to the trial judge: "You heard the evidence." The trial judge responded that he had "heard the evidence twice." Defendants infer from this and a similar statement that the reason that the court entered a finding of guilty was due to the fact that he heard the evidence twice. Defendants claim that the trial court in effect required the defendants to prove their innocence beyond a reasonable doubt. We believe that defendants' inferences are not reasonably drawn and that they exaggerate a simple statement of fact. Defendants did not motion for a substitution of judges. The trial judge in fact heard the evidence twice. The simple responsive statement of that fact in a bench trial is not error. The cases cited by defendants, *People v. Gooden* (1949), 403 Ill. 455, 86 N.E.2d 198 and *People v. Botulinski* (1943), 383 Ill. 608, 50 N.E.2d 716, bear no similarity to the contention urged by defendants. Both cases turn on a

reasonable doubt issue. In neither is there any discussion of evidence outside of the record or improper comments by the trial judge.

For the reasons given, the judgment of the Circuit Court of Cook County is hereby affirmed.

Judgment affirmed.

BURMAN and DIERINGER, JJ., concur.