THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RODNEY DALE BUCKHAM, Defendant-Appellant.

(No. 11967;

Fourth District—June 13, 1973.

John F. McNichols, of Defender Project, of Springfield, (J. Daniel Stewart, of counsel,) for appellant.

Richard J. Doyle, State's Attorney, of Danville, (John R. McClory, Assistant State's Attorney, of counsel,) for the People.

Mr. PRESIDING JUSTICE CRAVEN delivered the opinion of the court:

The defendant appeals from a sentence of not less than 4 nor more than 10 years in the Illinois State Penitentiary imposed upon his plea of guilty to the offense of involuntary manslaughter. The sole issue presented by this appeal is the defendant's assertion that the sentence imposed is excessive.

Since the sentencing in this case, the new Code of Corrections has become operative. The supreme court (*People v. Chupich*, 53 Ill.2d 572, 295 N.E.2d 1; *People v. Harvey*, 53 Ill.2d 585, 294 N.E.2d 269; *People v. Hussey*, 53 Ill.2d 585, 294 N.E.2d 269), this court (*People v. Lobb*, 9 Ill.App.3d 650, 292 N.E.2d 750; *People v. Mize*, 9 Ill.App.3d 647, 292 N.E.2d 731), and other appellate courts (*People v. DelGenio* (2d Dist.), 10 Ill.App.3d 432, 294 N.E.2d 332) have held that the sentencing structure of the new Code of Corrections would be applicable to a case pending on appeal which has not reached a final adjudication. This is such a case. Involuntary manslaughter is a Class 3 felony. The new Code of Corrections provides with reference to a Class 3 felony the maximum term shall be any term in excess of 1 year, not exceeding 10 years, and the minimum term shall be 1 year, unless the court having regard for the nature and circumstances of the offense and the history and character of the defendant sets a higher minimum term, which shall not be greater than one third the maximum term set by the court. Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1005-8-1.

Accordingly, the defendant's conviction is affirmed, sentence vacated, and this cause is remanded to the circuit court of Vermilion County for imposition of a new sentence in accordance with the now applicable statute.

Conviction affirmed, sentence vacated, cause remanded with directions.

SMITH and SIMKINS, JJ., concur.