THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ILANDUS BROWN, Defendant-Appellant.

(No. 57693;

First District (2nd Division)—August 7, 1973.

Paul Bradley, Deputy Director, Defender Project, and Martin Carlson, Assistant District Defender, both of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago, for the People.

Mr. PRESIDING JUSTICE STAMOS delivered the opinion of the court:

After a bench trial defendant was convicted of robbery and sentenced to a term of four to seven years. On appeal he contends that he was not proven guilty beyond a reasonable doubt, and that the trial court considered improper evidence in the hearing on aggravation and mitigation which resulted in the imposition of an excessive sentence.

On July 10, 1971, at approximately 6:00 P.M., Harvey Watkins was returning to his sixth floor apartment at 3549 South Federal Street in Chicago, Illinois. He testified that, as he was ascending the stairs to his apartment, he noticed a man, subsequently identified as defendant, standing on the landing between the fifth and sixth floors. There was a light on on the landing. As he passed by defendant, he was grabbed from behind by defendant and held in a "bear hug." Another man, who was also on the stairs, then went through Watkins' pockets, took approximately $100, and fled. Watkins struggled with defendant and was struck on the head with a hard instrument. The wound from this blow subsequently required twelve to fifteen stitches to close. Watkins fell to the stairs at the landing on the fourth floor, alighting on his back. Defendant placed his left foot on Watkins' chest and stated, "I should kill you, you are going to pay for the injury of my hand." Defendant and Watkins remained in their respective positions for approximately five to seven minutes.

Vivian Watkins, Watkins' wife, testified that she observed defendant standing over her husband. She exchanged words with defendant after which she assisted her husband up the stairs to their apartment. She

further testified that she had observed blood coming from defendant's hand while he was on the stairway and later observed him in a playground, located approximately one-half block from the Watkins' apartment, wrapping his hand with something. She informed the police of the robbery and identified the offender as a black youth wearing a purple top and a blue and white hat which was constructed like a sailor hat. She also testified that the assailant had a "clean" haircut, *i.e.*, he had almost no hair on his head.

Defendant was arrested on the third floor of an apartment building located at 54 East 36th Place, approximately two blocks from the Watkins' apartment. The arresting officer testified that he received a radio transmission, between 6:00 and 6:30 P.M. on July 10, 1971, to the effect that a robbery suspect was being pursued by other police officers. He received information that the suspect had entered the building on 36th Place. Defendant, discovered on the third floor, was breathing heavily, wore a purple undershirt and a light blue sailor-type cap, and had a handkerchief wrapped around his right hand. Defendant was placed under arrest and informed of his rights.

Defendant testified that he was 20 years of age and lived at 1140 East 64th Street. On July 10, 1971, he had gone to the 3547 building (apparently 3547 South Federal) to visit a friend, but the friend was not home. When he departed the building, he conversed for a short time with some unidentified young ladies whose names he could not recall. After leaving the young ladies, he commenced running at a slow pace to a "chicken place on Indiana." Enroute he stopped at 54 East 36th Place to visit another friend of his. He did not know his friend's address and he entered the wrong building. He testified that he was arrested on the second floor. He was wearing a purple "T-shirt" and a blue cap and had a "clean" haircut. He denied committing the robbery and denied having a handkerchief wrapped around his right hand when he was arrested. He further testified that he had a round scar on his right hand which was the result of playing football.

At trial both Mr. and Mrs. Watkins identified defendant as the person who held and restrained Mr. Watkins while the man took his money.

Defendant contends that the evidence was not sufficient to prove him guilty beyond a reasonable doubt. He asserts that his conviction is based solely on the identification testimony of Mr. and Mrs. Watkins, and that their testimony was substantially impaired indicating a possibility of mistaken identification. He alleges that this theory is bolstered by the fact that the State established that the offender fled the scene of the robbery with an injured and bleeding hand, but no blood was

found on defendant at the time of his arrest and no explanation of the absence of blood was presented.

■■ It is well established that the positive identification of an accused as an offender by one witness is sufficient to sustain a conviction, if the witness had an adequate opportunity to observe the offender. (*People v. DeSavieu,* 120 Ill.App.2d 45, 256 N.E.2d 80.) The adequacy of an identification raises a question of the credibility of the witnesses, to be resolved by the trial court which has a superior opportunity to hear the testimony and observe the demeanor of the identifying witnesses. (*People v. DeSavieu, supra.*) Precise accuracy in describing the characteristics of the offender is unnecessary. *People v. Miller,* 30 Ill.2d 110, 195 N.E.2d 694; *People v. McCall,* 29 Ill.2d 292, 194 N.E.2d 222.

■■ The witnesses testified that they observed defendant while he was on the stairway which was illuminated by a light. The trial judge expressly found that he believed their testimony. This evidence standing alone presents strong evidence of defendant's guilt. When coupled with the circumstances of defendant's arrest, the fact that he was wearing clothing which matched Mrs. Watkins' description of the clothing worn by the offender, and the distinctiveness of his haircut, we think the evidence establishes defendant's guilt beyond a reasonable doubt.

■■ The fact that the arresting officer could not recall whether there was blood on defendant at the time of his arrest does not alter this conclusion. Failure to recall the presence of blood does not establish that there was no blood present.

■■ Defendant also contends that the trial court considered improper evidence in the hearing on aggravation and mitigation, and that the sentence imposed is excessive. The State concedes that the minimum term of defendant's sentence must be reduced pursuant to the sentencing provisions of the Unified Code of Corrections (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1005—8—1) which is applicable to cases pending upon direct appeal. (See *People v. Chupich,* 53 Ill.2d 572, 295 N.E.2d 1; *People v. Harvey,* 53 Ill.2d 585, 294 N.E.2d 269.) Defendant urges that the sentence as reduced is nonetheless excessive.

■■ Defendant argues that the trial court erred in considering that defendant had previously been arrested and charged with robbery (strong arm), inasmuch as that charge was subsequently reduced to a charge of petty theft and defendant pleaded guilty. The cases cited by defendant in support of this contention are instances where the trial court considered mere arrests that did not result in convictions in determining the sentence to be imposed. We do not think that it was improper for the trial court to consider the circumstances surrounding the previous

conviction in determining the sentence to be imposed in connection with the instant conviction.

The Unified Code of Corrections allows the trial court a certain discretion in determining sentences, to be exercised with regard to the nature and circumstances of the offense and the history and character of the defendant. Defendant in the case at bar was 20 years of age at the time of his conviction and had two prior misdemeanor convictions. At the time of the instant offense he was on probation stemming from one of the prior convictions. In committing the instant offense he inflicted a substantial injury upon his victim. Under these circumstances we do not think a sentence of two years four months to seven years is excessive.

Accordingly, the sentence is modified and as modified the judgment is affirmed.

Affirmed as modified.

LEIGHTON and HAYES, JJ., concur.