THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LONNIE NORMAN PANNELL, Defendant-Appellant.

(No. 72-290;

Third District—January 14, 1974.

*Rehearing denied February 5, 1974.*

John M. Ritchie, of Pekin, for appellant.

C. Brett Bode, State's Attorney, of Pekin, for the People.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal from the circuit court of Tazewell County. Lonnie Norman Pannell, hereinafter referred to as the defendant, was indicted for robbery and armed robbery. The State dismissed the armed robbery count of the indictment and after a trial by jury the defendant was found guilty of robbery and the trial court sentenced the defendant to a term of not less than ten nor more than twenty years. The defendant appeals contending (1) that the trial court erred in allowing the prosecution to comment on and to introduce into evidence by way of testimony all of the events surrounding the defendant's apprehension, (2) that the use of photographs in the identification of the defendant was highly suggestive and improper as to deny the defendant due process of law, (3) that it was improper and prejudicial for the prosecution to question a witness concerning their opinion as to the ability of the defendant to alter or change the tone of his voice, and (4) that the sentence imposed by the trial court was excessive and should be reduced.

On December 18, 1971, the Convenient Food Mart, located on Sheridan Road in the city of Pekin, was robbed and $207.00 in cash was taken.

The next day the defendant was apprehended after a chase stemming from an unrelated incident. At the time of his apprehension certain items and articles of clothing, later identified as being used in the Convenient Food Mart robbery, were found in the defendant's possession.

At the trial the patrolman who had chased and apprehended the defendant testified as to the events which led to the chase, the apprehension and the recovery of the items. Defendant contends that introduction of evidence as to all the events surrounding his apprehension and comment on the events by the State were prejudicial and constitute reversible error.

In the instant case the events testified to and commented upon by the prosecution did deal with a distinct substantive offense, but these events were used to lay a foundation for the introduction of certain items

used in the robbery and were events which were probative of a consciousness of guilt. For these reasons we do not feel the admission of this testimony or allowing comment upon it constitutes reversible error. *People v. Evans*, 25 Ill.2d 194, 184 N.E.2d 836; *People v. Allen*, 117 Ill. App.2d 20, 254 N.E.2d 103; *People v. Carson*, 341 Ill. 11, 173 N.E. 97.

■■ The defendant's next contention is that the use of photographs in his identification was highly suggestive and improper as to deny him due process of law. The witness that identified him in court testified that she had viewed about ten photographs two days after the robbery. The defendant was depicted in three of these photographs. In the instant case the identifying witness made a positive in-court identification of the defendant, and the out-of-court identification was not so suggestive as to deny defendant due process. *Simmons v. United States*, 390 U.S. 377, 19 L.Ed.2d 1247, 88 S.Ct. 967; *People v. DeSavieu*, 120 Ill.App.2d 45, 256 N.E.2d 80.

■■ The next contention is that it was improper and prejudicial for the prosecution to question the witnesses concerning their opinion as to the ability of the defendant to alter or change the tone of his voice. The defendant cites *People v. Williams*, 25 Ill.2d 562, 185 N.E.2d 686, as stating the general rule that a witness cannot express an opinion on a point for which he cannot testify with reasonable certainty or on a subject for which he is not qualified. In this case the defendant was identified by visual means and the State's case was not based on voice identification. Nothing in the brief inquiries by the prosecution on the subject of altering or changing the tone of the voice by defendant could possibly have constituted reversible error, in view of the record in the case, even if objection had been raised to such questions. On the record, there was no prejudicial error on this issue.

■■ The final contention of the defendant is that the sentence imposed by the trial court was excessive and should be reduced. The defendant is correct that the Unified Code of Corrections applies in this case (*People v. Chupich*, 53 Ill.2d 572, 295 N.E.2d 1; *People v. Buckham*, 12 Ill.App.3d 380, 297 N.E.2d 715; *People v. Harvey*, 53 Ill.2d 585, 294 N.E. 2d 269; *People v. Lobb*, 9 Ill.App.3d 650, 292 N.E.2d 750) and in keeping with the limits set by said Code (Ill. Rev. Stat., 1972 Supp., ch. 38, sec. 1005—8—1 (c) (3)) we modify the sentence handed down and set the minimum term at six years and eight months.

Affirmed as modified.

ALLOY and DIXON, JJ., concur.