THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LONNIE N. PANNELL, Defendant-Appellant.

Third District    No. 75-270

Opinion filed January 7, 1977.—Rehearing denied February 2, 1977.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

C. Brett Bode, State's Attorney, of Pekin (James E. Hinterlong, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE BARRY delivered the opinion of the court:

Defendant, Lonnie N. Pannell, appeals from the dismissal of his petition for post-conviction relief. On January 10, 1972, defendant was indicted by a Tazewell County grand jury on one count of armed robbery and one count of robbery. He was represented by appointed counsel and after a jury trial was found guilty of the offense of robbery. A presentence report was presented and a sentencing hearing was held. Defendant was sentenced to a term of from 10 to 20 years imprisonment. Pannell directly appealed his conviction and sentence to this court and we affirmed the conviction but reduced the minimum sentence to a term of 6 years and 8 months. (*People v. Pannell,* 16 Ill. App. 3d 320, 306 N.E.2d 90 (1974).) He was represented by other appointed counsel on appeal.

Defendant filed a *pro se* petition for post-conviction relief. After

counsel was appointed to represent him an amended petition was filed. The amended petition alleged Pannell's constitutional rights were violated in the earlier proceedings in the following manner:

(1) That he was denied the effective assistance of counsel at trial;

(2) That he was denied due process of law and equal protection under the law by virtue of the failure of this court to remand his case for resentencing; and

(3) That he was denied the effective assistance of counsel on appeal.

The trial court granted the State's motion to dismiss the amended petition which motion claimed that the issues presented were waived because they were not raised on direct appeal and that defendant had been adequately represented by counsel at the trial. No evidentiary hearing was held on the amended petition for post-conviction relief. The office of the State Appellate Defender was appointed to represent defendant on this appeal.

Essentially one issue is presented for review although defendant claims ineffective assistance of counsel both at the trial stage and on his direct appeal. The issue is whether the trial court erred in dismissing Pannell's amended petition for post-conviction relief without an evidentiary hearing under the circumstances of the case at bar. Specifically, defendant asserts that he was denied effective assistance of counsel because his trial counsel failed to move to suppress in-court identification of Pannell as the robber by the victim Louise Tarpley which identification, he alleges, was tainted by previous unduly suggestive photographic identification. He contends that the trial court, at his post-conviction hearing, should have held an evidentiary hearing to properly decide the issue.

■■■ The Post-Conviction Hearing Act (Ill. Rev. Stat. 1975, ch. 38, par. 122—1) provides a remedy for defendants who claim that their constitutional rights were violated in obtaining their convictions. Incompetency of counsel both at the trial and appellate level is a proper question for consideration in a post-conviction proceeding. (*People v. Savage*, 8 Ill. App. 3d 162, 289 N.E.2d 460 (1972).) As was stated in *People v. Sawyer*, 48 Ill. 2d 127, 130, 268 N.E.2d 689, 692 (1971), "In order to require an evidentiary hearing, a post-conviction petition must make a substantial showing that the defendant's constitutional rights have been violated. Such showing must be based on factual allegations rather than conclusional statements." We must decide whether or not defendant made a substantial showing as to incompetency of counsel. Under the facts relevant to this issue, the robbery victim with ample opportunity and time to view the robber positively identified Pannell in open court as the perpetrator. The witness admitted that she had viewed about 10

photographs two days after the robbery from which she identified defendant as the robber. Defendant was depicted in several of the photographs. Defendant's brief concedes that the victim was acquainted with Pannell prior to the robbery. After reviewing the record of the trial we are convinced that the robbery victim's in-court identification was positive and sufficiently independent of the photographic lineup. Ms. Tarpley testified as follows:

"Q. At the time that Mr. Pannell was in the Convenient Food Mart on the 18th day of December, 1971, did you form an image as to what he looked like at that time?

A. Yes, I did.

Q. Did you form a mental image of that?

A. Yes, I did.

Q. What was that image? What was that mental image that you did form?

A. Just scarey—I don't know. I just knew I'd remember him if I saw him again—that's all."

Our prior holding in *People v. Pannell,* 16 Ill. App. 3d 320, 306 N.E.2d 90 (1974), is controlling. In affirming the conviction on direct appeal we stated, "In the instant case, the identifying witness made a positive in-court identification of the defendant, and the out-of-court identification was not so suggestive as to deny defendant due process. [Citations.]". (*People v. Pannell,* 16 Ill. App. 3d 320, 322, 306 N.E.2d 90, 91 (1974).) The record supports that conclusion and we conclude there was no need for the trial court to examine the photographs. We believe, in the instant case, that defendant has not made a substantial showing of incompetency of counsel and that an evidentiary hearing on defendant's post-conviction petition was not required.

Defendant claims that his appellate counsel was also ineffective in failing to raise the issue of the alleged improperly suggestive photographic lineup. *People v. Hamby,* 32 Ill. 2d 291, 205 N.E.2d 456 (1965), cited by defendant is distinguishable. In the case at bar, Pannell's appellate counsel did raise the issue of whether the photographic lineup was highly suggestive and improper, at defendant's request, in a letter to the appellate court after the briefs had been filed.

■■ We conclude that defendant was adequately represented by counsel throughout the trial and prior appeal. The errors advanced by his petition for post-conviction relief were known at the time of his direct appeal and were presented and ruled upon in the direct appeal from his conviction. Defendant's argument that ineffective assistance of counsel was not argued in direct appeal is without merit. All the claimed errors which could have been raised on direct appeal but were not are considered to have been waived and cannot be raised in the post-

conviction proceedings. *People v. Weaver,* 45 Ill. 2d 136, 256 N.E.2d 816 (1970); *People v. Carlton,* 31 Ill. App. 3d 313, 333 N.E.2d 596 (1975).

For the foregoing reasons, the judgment of the Circuit Court of Tazewell County is affirmed.

Affirmed.

STOUDER, P. J., and STENGEL, J., concur.