(No. 41551.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* JOHN L. ROBINSON, Appellant.

*Opinion filed March 27, 1969.—Rehearing denied May 27, 1969.*

372

KAREN W. FERGUSON, of Chicago, appointed by the court, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, ELMER C. KISSANE and MICHAEL STEVENSON, Assistant State's Attorneys, of counsel.)

MR. JUSTICE WARD delivered the opinion of the court:

On March 2, 1967, the appellant, John L. Robinson, Floyd Cummings, Ernest Sawyer and Thomas Lee Baggett were indicted by a Cook County grand jury for the murder of Sam Gerrick. The four men were tried together and following a jury trial were found guilty of the crime of murder. The appellant was sentenced to the Illinois State Penitentiary for a term of 50 to 75 years. At the trial the appellant and two of his co-defendants, Cummings and Sawyer were represented by the public defender; the fourth defendant was defended by privately-retained counsel.

On April 11, 1968, the appellant filed a petition under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1967, ch. 38, par. 122—1, *et seq.*), which alleged (1) that the appellant had been denied effective assistance of counsel because of conflicting interests of his attorney, the public defender; (2) that he had been denied due process of law because of the procedures used in his pretrial identification as a participant in the murder charged; (3) that the appellant was denied his constitutional right to confront the witness against him by the illegal identification procedures used; and (4) that the failure of the State to have the principal witness against him testify before the grand jury violated his rights of due process of law, because it deprived him of material evidence vital to his defense. The circuit court of Cook County granted the State's motion to dismiss the petition on the ground that the factual allegations failed to raise a substantial constitutional question within the concern of the Post-Conviction Hearing Act. The appellant appeals from this dismissal and argues that the petition sufficiently presented cognizable questions and that he therefore was entitled to a hearing.

The appellant contends that he was denied effective assistance of counsel, because the public defender, who represented three of the defendants, including the appellant, was restricted in his defense of the appellant by his duty to represent concurrently the best interests of the other two de-

fendants. This restriction of defense appeared, the appellant says, through an unsigned statement given by the principal witness for the People, Carrie Hyde, prior to trial, in which she appeared to state that the appellant was not involved in the crime. The public defender was unable, it is said, to confront the witness at trial, where she identified the appellant, with her earlier inconsistent statement because he feared that the attempted impeachment would prejudice his other clients, Cummings and Sawyer, who were identified in the statement. The prejudice to the other clients would arise, it is said, from the witness' reiteration of their identification as participants in the crime. However, it is, in our view, very questionable whether the witness did in fact say that the appellant was not involved in the crime. Undeniably the words at that part of the statement indicate the witness was not implicating the appellant, but immediately following the words in question the witness identifies the appellant as a participant. The balance of the statement contains this tenor of accusation. There was no expression of surprise by the detectives or the assistant State's Attorney taking the statement which would have been natural and expected if the witness had suddenly contradicted her failure to identify the appellant. A stenographic error or a confusion by the witness as to whether it was the appellant who was being discussed by the questioners is suggested from a reading of the entire statement. Further, we observe that the public defender did probe in cross-examining the witness, Hyde, in an apparent effort to determine whether a prior inconsistent statement really existed in this regard. The record shows that the witness reacted sharply. She denied that she had not identified the defendant, whom she had known before the crime, saying that there was one man, obviously not the appellant, at the police station whom she did not know. She said further that she had identified the appellant in the station and added: "He is just as much guilty as Chico, Baby Ray and Ernest. They all killed Mr. Sam." The

public defender discreetly, it would appear, told the trial court he had "nothing further" by way of cross-examination.

Further, if the public defender had determined to confront the witness with the prior inconsistent statement discussed, proof of the statement could have been made, if necessary, without reference to the identifications of the other two co-defendants.

The appellant had asked the public defender to represent him alone, but the right to counsel does not require the appointment of an individual attorney to represent each defendant where there are multiple defendants if there is no showing that conflicts of interest can be anticipated. (See *People* v. *Williams,* 36 Ill.2d 194, 207; *People* v. *McCasle,* 35 Ill.2d 552, 556; *People* v. *Hall,* 27 Ill.2d 501, 503.) There is no showing here of antagonistic defenses or other conflicts of interest so far as the public defender's clients were concerned. Alibi was the defense offered by all of the defendants. There is no claim by the appellant that his trial counsel was incompetent and there is nothing to indicate that counsel handled the case in other than a competent manner. (*Cf. People* v. *Woods,* 23 Ill.2d 471.) The charge of the petition that the appellant was denied effective assistance of counsel as described did not set forth a denial of constitutional rights.

Citing *Stoval* v. *Denno,* 388 U.S. 293, 18 L. Ed. 2d 1199, 87 S. Ct. 1967, and *People* v. *Nelson,* 40 Ill.2d 146, the appellant urges that the circumstances of his pretrial identification were "so unnecessarily suggestive and conducive to irreparable mistaken identification that he was denied due process of law." The People, however, point out that the defendants were known to Carrie Hyde, the witness, prior to the crime and that the appellant had twice visited her home. Questions relating to identification of one suspected of a crime, as were found in cases such as *Stoval* v. *Denno,* do not appear where, as here, the person identified

was known to the trial witness prior to the crime. The identification in such a case would be independent of and uninfluenced by any pretrial confrontation. See *People* v. *Nelson,* 40 Ill.2d 146.

The appellant complains that he was denied his right of confrontation because he was unable to test the veracity of the People's principal witness, Carrie Hyde, with or without counsel, until the time of the trial. He claims that police officers told him not to say anything at the pretrial confrontation and thus prevented him from challenging Mrs. Hyde's identification at that time. She did not testify at a preliminary hearing and therefore the first and only opportunity to cross-examine her as to the identification was at trial.

It cannot be reasonably contended that the appellant's right to confront the witnesses against him was violated solely because he had no opportunity to cross-examine his accuser until the time of trial. It is true that the right to cross-examine is essential to the right to confront witnesses. It is true, too, that the right of confrontation may be denied where a courtroom identification has been the product of a suspect pretrial identification and the accused cannot effectively scrutinize the earlier identification through cross-examination at trial. (*United States* v. *Wade,* 388 U.S. 218, 235, 18 L. Ed. 2d 1149, 1162.) However, as we have said, here there was not a suspect pretrial identification under *Stovall* v. *Denno,* 388 U.S. 293, 18 L. Ed. 2d 1199, 87 S. Ct. 1967. Hence, the complaint that he was denied his right to confront the witness against him did not raise a constitutional question.

Finally, the appellant argues that he was denied due process of law because the failure of the People to bring the witness Carrie Hyde before the grand jury to testify deprived him of evidence material to his defense. It is conceded by the appellant that if the indictment was founded on hearsay evidence that fact will not invalidate the indictment. (See *United States* v. *Costello,* 350 U.S. 359, 100

L. Ed. 2d 397, 76 S. Ct. 406; *People* v. *Jones,* 19 Ill.2d 37; *People* v. *Derrico,* 409 Ill. 453.) Putting the argument of the appellant in other terms, he contends that if the witness had testified before the grand jury her testimony there might have differed from that given by her at trial and if there was an inconsistency, it might have been of benefit to the appellant's defense. That this is completely speculative and is without constitutional significance does not require formal saying.

Having found no error in the order of the circuit court dismissing the appellant's petition for a post-conviction hearing, we affirm the judgment of the circuit court of Cook County.

*Judgment affirmed.*