**People of the State of Illinois, Plaintiff-Appellee, v. Mildred White, Defendant-Appellant.**

**Gen. No. 69–47.**

Fifth District.

April 6, 1970.

John J. Hoban, of East St. Louis, for appellant.

Robert H. Rice, State's Attorney of St. Clair County, of Belleville (John M. Karns, Jr., Assistant State's Attorney, of counsel), for appellee.

EBERSPACHER, J.

This is an appeal from a conviction of murder entered upon a jury verdict of guilty on February 7, 1968. The defendant, Mildred White, was found guilty of shooting Rudy Teer on the morning of April 2, 1967, his death occurring as a result of said wounds on April 11, 1967.

The defendant was 49 years old on the date of the alleged shooting. She had worked as an elementary school teacher for 28 years, and testified that she and decedent had been married at the home of a minister in Florida in June of 1943 where decedent was stationed in the military service. Upon inquiry after his death, the State of Florida advised they had no record of the marriage. After that, she continued to use her maiden name since they were separated intermittently by his reenlistments and attending Howard University. They had an insurance policy in which they were both named Teer. In 1960, decedent returned to East St. Louis taking up his residence with her in her home. He was after that time never employed, she bought the groceries, did the laundry, paid the bills and kept house, in addition to teaching. His activities are shown to have been drinking, coupled with violence which led to numerous visits by the police.

There were no eyewitnesses to the alleged shooting. Defendant denied that she had shot the decedent.

On May 17, 1967, after the arraignment, defendant's counsel served a motion on the assistant state's attorney requesting that she be furnished with a list of prosecution witnesses. The State by reply filed on May 19 provided the names and addresses of seven witnesses, four of whom had been listed on the back of the indictment. In the trial, after four jurors had been accepted, the defendant's counsel was handed a second list of 24 witnesses and addresses, including the seven furnished previously. Defendant's counsel promptly objected to any of the additional witnesses being called to testify and at the same time requested the court to order the State to make the witnesses available for inquiry. The State opposed the motion on the theory that no demand had been made for a list of witnesses, despite the fact that the State's reply which was filed and furnished the names of the seven witnesses recited that it was "in reply to motion for a list of witnesses." The State makes the same contention here and points out that the original motion was not in the court files. (A copy of such motion with the reply was attached to the post-trial motion and is in the record.)

Among the witnesses called by the State was a nurse at the hospital to which decedent was taken, whose name appeared only on the list presented during the selection of the jury, but whose name was not on the list given in the State's reply. She testified that decedent, while in shock according to the testimony of the doctor, upon defendant explaining to her that decedent had been shot somewhere and crawled up on the porch, said "no, she shot me" indicating defendant. The State had previously, in response to a motion to produce pursuant to chapter 38, section 114–10, Ill Rev Stats, advised in writing that defendant had "made an oral statement regarding her participation in the crime" to a witness, David Griffin,

who was present at the home before decedent was taken to the hospital and did not know anything about the occurrence after decedent was taken to the hospital.

■ Under such circumstances there was an ample showing of both surprise and prejudice. We consider counsel's remarks in promptly making the objection to the additional witnesses as an adequate request for an opportunity to talk to the witnesses. In view of their number he could not be expected to do so during court recesses and was entitled to a continuance for that purpose, particularly when the State had failed to adequately respond with reference to oral statements alleged to have been made by defendant.

■ The statute (section 114–9, Code of Criminal Procedure) provides in part:

> "(a) On motion of the defendant the court shall order the State to furnish the defense with a list of prosecution witnesses and their last known addresses.
> "(b) The court may permit witnesses not named in the original or amended list to testify when the names of the additional witnesses were not known and could not have been obtained by the exercise of due diligence prior to trial.
> "(c) . . . ."

The State does not contend the witnesses were not known nor could not have been obtained by the exercise of due diligence prior to trial. It contends that since defendant's motion for a list of witnesses was not filed with the court, although the reply was, that the court had discretion to allow the unlisted witnesses to testify, and refers to the numerous authorities holding that in the absence of demand, a defendant cannot complain if unlisted witnesses are permitted to testify. See People v. Williams, 86 Ill App2d 209, 229, 229 NE2d 158. Here we consider that

strict compliance with the requirement to file a motion pursuant to section 114–9 was waived by the State, and that under the circumstances here present, defendant was so prejudiced as to be entitled to a new trial. One of the purposes of the section 114–9 is to prevent surprise, and while similar language has been held to be directory and not mandatory and that an accused must make a demand and be refused before he can assign error, People v. Carter, 398 Ill 336, 75 NE2d 861, that a demand was made and complied with is evident from the record.

While there are assignments of other errors of a serious nature, we do not consider it necessary that they be here considered since they are not of such nature as to be apt to recur on retrial.

Judgment reversed and cause remanded for a new trial.

MORAN and GOLDENHERSH, JJ., concur.