(No. 43038.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* ERNEST SAWYER, Appellant.

*Opinion filed April 1, 1971.*

FREDERICK F. COHN, of Chicago, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago, (JAMES B. ZAGEL, Assistant Attorney General, and ROBERT A. NOVELLE and JAMES VELDMAN, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE DAVIS delivered the opinion of the court:

The defendant, Ernest Sawyer, together with three co-defendants, was found guilty of the crime of murder by a jury in the circuit court of Cook County. His direct appeal is presently pending in the appellate court, and this appeal arises from the circuit court's dismissal, without an evidentiary hearing, of his post-conviction petition (Ill. Rev.

Stat. 1969, ch. 38, pars. 122—1 *et seq.*), and a petition under section 72 of the Civil Practice Act. Ill. Rev. Stat. 1969, ch. 110, par. 72.

The victim of the murder was Sam Gerrick, the owner of a grocery store. He was shot during the course of a robbery. Neither the defendant nor his co-defendants testified at the trial. The crucial testimony placing them at the scene of the crime was that of Carrie Lee Hyde, against whom a complaint was then pending, charging her as an accomplice to the same murder.

Under our disposition of this case only the allegations of the amended post-conviction petition need be considered. In this petition the defendant asserted that he suffered the following constitutional violations: (1) denial of effective assistance of counsel in that there existed between the defendant and his co-defendants, Floyd Cummins and John Robinson, such conflict of interest as to require separate counsel; (2) denial of due process when the prosecutor failed to disclose to defense counsel that Carrie Lee Hyde was originally charged with the same murder as was the defendant; (3) denial of due process in that the prosecutor permitted Carrie Lee Hyde to testify that she had not "been arrested except for this incident when the prosecution knew she had a prior arrest and conviction record for prostitution and use of narcotics"; (4) denial of due process in identification procedures; (5) denial of due process in that the sole identifying witness against the defendant was not presented to the grand jury, thereby denying his constitutional right to impeach that witness with any testimony given before the grand jury; and (6) denial of due process by the failure of the State to produce a police record reflecting statements made by the prosecution witness to the police.

The post-conviction petition of the co-defendant, John L. Robinson, was dismissed by the circuit court of Cook County and was reviewed by this court prior to the filing

of the defendant's amended post-conviction petition. (See: *People* v. *Robinson,* 42 Ill.2d 371.) The alleged constitutional violations designated (1), (4) and (5) above, were decided adversely to Robinson therein, and we hereby adopt factual statements and rationale of that opinion on these contentions (42 Ill.2d 371, 373-377 incl.). The *Robinson* opinion was called to the attention of the trial court and an evidentiary hearing was not required on these allegations of the defendant's petition.

The alleged constitutional violation asserted in (3) above was that the prosecution permitted Carrie Lee Hyde to testify that she had not "been arrested except for this incident, when the prosecution knew that she had a prior arrest and conviction record for prostitution and use of narcotics."

In a criminal case, a witness may be impeached by proof of his conviction of an offense (*People* v. *Montgomery,* 47 Ill.2d 510), or he may be impeached by showing interest or bias in the outcome of the trial. Ill. Rev. Stat. 1969, ch. 38, par. 155—1; *People v. Mason,* 28 Ill.2d 396, 400 and 401.

The allegation excluded the arrest of the witness as an accomplice and therefore no basis existed for the impeachment of the witness by virtue of bias or interest in the outcome of the trial. If, as alleged, the witness had a conviction record for prostitution, such convictions, under the rationale of *Montgomery,* would not afford a basis for the impeachment of the witness. However, a conviction for the possession of narcotics would afford a basis for impeaching the witness's credibility. This allegation was supported by the affidavit of the defendant's attorney, and these allegations entitled the petitioner to an evidentiary hearing on this issue.

The asserted constitutional violation designated (6) above, did not furnish a basis for the relief sought in the petition or for an evidentiary hearing thereon. The petition

did not assert that the defendant requested the production of the police report in question for impeachment purposes. Absent such request and compliance with the rules of law in connection therewith, the State was under no duty to turn over such report. In addition, the record reflects that the defendant, on cross-examination, interrogated the witness extensively concerning the police report in question and the witness's reputed reference therein to one of the defendants known as "Johnnie". She denied making such statement and stated that she had previously referred to such person by the name of "Ernest".

The remaining alleged constitutional violation in (2) above, asserted that the State's Attorney failed to disclose to the defense counsel that Carrie Lee Hyde was originally charged by complaint with being an accomplice to the same murder for which the defendant was being tried, and that this constituted a denial of due process.

The record discloses that Carrie Lee Hyde knew the four co-defendants in this case; that she witnessed the robbery and murder, related this information to the police and was arrested on the same day as two of the petitioner's co-defendants; and that the money obtained from the robbery was distributed among the defendants at her home.

An assistant Public Defender, who represented the defendants, Sawyer, Robinson and Cummins at the trial, filed an affidavit wherein he stated that he did not know, until long after the trial, that Carrie Lee Hyde had been charged with being an accomplice to the murder of Sam Gerrick. In view of the extent of the acquaintance of the four co-defendants with the witness Hyde, and the arrest of two of the co-defendants on the same day that she was arrested, the alleged lack of knowledge presents an unresolved question of fact which cannot be determined without an evidentiary hearing.

In order to require an evidentiary hearing, a post-conviction petition must make a substantial showing that the

defendant's constitutional rights have been violated. Such showing must be based on factual allegations rather than conclusional statements. The allegations designated (2), and (3), supported by defense counsel's affidavit, were sufficient to require an evidentiary hearing on these issues. *People* v. *Arbuckle,* 42 Ill.2d 177.

Accordingly, the judgment of the circuit court dismissing the petitioner's section 72 petition is affirmed; the judgment of dismissal of the post-conviction petition, as to all allegations except those designated (2) and (3) herein, is affirmed, and as to those allegations the judgment is reversed and the cause remanded to the circuit court for a responsive pleading by the State on these issues and for an evidentiary hearing thereon.

*Affirmed in part and*
*reversed in part*
*and remanded.*