THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GARY FARRAR, Defendant-Appellant.

(No. 71-375;

Second District—September 11, 1972.

Kenneth L. Gillis, of Defender Project, of Chicago, for appellant.

William J. Scott, Attorney General, of Springfield, and F. Lawrence Lenz, State's Attorney, of Freeport, (Thomas J. Immel and Fred G. Leach, Assistant Attorneys General, of counsel,) for the People.

Mr. JUSTICE THOMAS J. MORAN delivered the opinion of the court:

The defendant, Gary Farrar, was indicted along with Albert Norris and James Moore for the offenses of attempted murder, armed robbery and aggravated battery. He was found guilty of armed robbery and attempted murder and sentenced to the penitentiary. His appeal to the Supreme Court was transferred to this court.

This Court has set out the facts of this case in considering the appeal of James Moore. *People v. Moore,* post, p. 315.

The defendant herein has raised five issues, four of which are identical (including the exact wording in the brief) as those issues raised and decided in *Moore.* Answered fully in *Moore* are defendant's arguments that the prosecutor's closing remarks were prejudicial, and that testimony (relating to identification of the gun used during the crime) was prejudicial, even though stricken from the record.

Defendant argues that the in-court identification of Farrar by William Muller, the robbery victim, was tainted by an improper, suggestive, pre-trial line-up. As in *Moore,* we hold that, even if suggestive, there was no error because the victim's identification had an independent origin and, as therein discussed, the victim had an excellent opportunity to view the robbers. Here, there is an additional factor which indicates independent origin, in that the robbery victim testified he had seen

Farrar prior to the night of the crime. Muller alleged that, during his part time employment at a hotel, Farrar had ridden an elevator operated by Muller. Acquaintance with a suspect prior to the crime is a factor to be considered when determining whether identification has an independent origin. *People v. Robinson* (1969), 42 Ill.2d 371, 375-376.

■■ Defendant argues that he was not proven guilty beyond a reasonable doubt. Again, our discussion in *Moore* applies. Farrar was positively identified by Muller. Additionally, Albert Norris, the accomplice of Farrar and Moore, implicated Farrar in the crimes.

■■ The only issue raised by Farrar which was not raised by Moore, concerns the trial court's order that Farrar try on a certain coat before the jury. He alleges that this order was a violation of the Fifth Amendment of the Federal Constitution and the right to a fair trial. Farrar's counsel originally objected when the prosecutor made his motion to have the defendant try on the coat and the court heard arguments out of the presence of the jury. Back in court, in the presence of the jury, the following colloquy occurred:

"The Court: The Court has now allowed the motion of the State to require the defendants to try on the Exhibits * * *. I have overruled the defendants' objections to this.

Mr. Law [Farrar's attorney]: Your Honor, I believe the record will show that I didn't object.

The Court: All right, the defendant—this is correct—overrule defendant Moore's objection to this request. You had no objection Mr. Law?

Mr. Law: No."

This withdrawal of defendant Farrar's objection precludes us from reviewing this argument. *People v. Ruben* (1937), 366 Ill. 29, 34.

Finding no error, we affirm the judgment of the lower court.

Judgment affirmed.

SEIDENFELD, P. J., and GUILD, J., concur.