THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RAYMOND MATTHEWS, Defendant-Appellant.

(No. 56051; )

First District—October 4, 1972.

Geoffrey P. Gitner and James R. Bronner, both of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and James R. Truschke, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE ADESKO delivered the opinion of the court:

Defendant, Raymond Matthews, was convicted of armed robbery after a jury trial and was sentenced to the Illinois State Penitentiary for a term of not less than 20, nor more than 40 years. Defendant raises the following issues for review:

> 1. Whether the introduction into evidence of defendant's gun was proper;
>
> 2. Whether the defense was improperly restricted on cross-examination; and
>
> 3. Whether testimony regarding defendant's prior conviction was proper.

The facts are as follows:

Near midnight on August 18, 1969, Chicago Police Officers responded

to a robbery in progress call at Triangle Liquors, 12717 South Halsted Street in Chicago. The tavern is on the first floor of a two-story apartment building, the second floor of which was occupied by the owners of the tavern, Leona and Walter Ostrowski and their son and daughter, Ronald and Margaret Ostrowski.

Frank Kulakowski, a patron of the tavern testified that after letting some other patrons out of the locked front door, he was closing the door when defendant forced his way in, stuck a gun into his ribs and told him to lie on the floor.

Margaret Ostrowski, who was tending bar at the time of the occurrence, testified that the defendant ordered her to lie on the floor also, but she was able to press an alarm buzzer connected to the upstairs apartment. Defendant then ordered her to give him the contents of the cash register, which she did. Responding to the alarm, Miss Ostrowski's parents entered the tavern and Mr. Walter Ostrowski was forced to lie on the floor and Mrs. Leona Ostrowski was forced to sit on a bar stool by defendant. Defendant then attempted to flee through the tavern's front door, but could not open it. Defendant fired a shot into the bar between Leona and Margaret Ostrowski, and then ordered Mrs. Leona Ostrowski to open the door, which she did, and defendant ran out of the door.

Officer Brian Murphy who was responding to the robbery call confronted defendant as he emerged from the tavern and testified that defendant fired at him. The officer returned the fire striking defendant in the arm. The defendant then turned and ran back into the tavern. By this time, Ronald Ostrowski, who had reported the robbery to the police before leaving the upstairs apartment entered the tavern. Defendant, upon seeing Ronald Ostrowski, attempted to shoot him, but Walter Ostrowski was able to hit defendant's arm and deflect the shot. Ronald Ostrowski then shot defendant. Defendant then tried to flee through a window he had broken in the back room of the tavern, but Walter and Ronald Ostrowski ran after him and prevented his escape until the police came around to the back of the building and placed defendant under arrest.

Defendant's testimony was directly contradictory to the testimony of the prosecution witnesses. Defendant testified that he stopped at the Triangle Tavern, whose door was open, to pick up some beer. Defendant related that a man sitting at the bar told him that the tavern had been robbed recently and displaying a pistol stated that he just wished someone would try to rob the tavern while he was there. When the defendant replied, "Well, you probably would hurt them but they would probably hurt you," the patron became angry and attacked defendant. Defendant

tried to flee through the front door, but he stated that he was struck repeatedly by several patrons and when he finally reached the door, he saw a policeman who tried to shoot him. Defendant ran back into the tavern where he stated he was shot and that he then lost consciousness. He testified that when he regained consciousness, he was surrounded by policemen and arrested.

Defendant's initial contention on appeal is that defendant's gun was improperly admitted into evidence at trial because it was at variance with an answer given to defendant's discovery motion. In the motion for discovery, the defense asked the State for the "* * * make of gun used [,]" in the robbery. The State's answer stated the gun used was "* * * a 7.65 cal. B/S Mauser Automatic weapon serial #211362." Statements by certain of the State's witnesses referred to the use of a .32 caliber weapon, and defendant contends that he was prejudiced by the admission into evidence of a weapon that was designated 7.65 cal.

■■ Compliance with a discovery motion or a Bill of Particulars is necessary to prevent surprise to a defendant. (*People v. White*, 123 Ill. App.2d 102, 259 N.E.2d 357.) In the instant case, however, the weapon in question was manufactured in Europe and the designation 7.65 is the European metric equivalent in millimeters of the designation .32 in inches used to designate the caliber of American weapons. 7.65 was engraved upon the barrel of the weapon, and thus was the figure given in answer to defendant's discovery motion. Further, a defense attorney personally examined the weapon in question prior to trial and we are thus unable to find any surprise or prejudice to defendant in admitting that weapon into evidence at trial.

Defendant next contends that his counsel was improperly restricted upon the cross-examination of the State witnesses, Margaret, Ronald, and Leona Ostrowski and Brian Murphy, and that the defendant was thereby denied his constitutional right to confront adverse witnesses.

During cross-examination of Margaret Ostrowski, the court sustained objections to defense counsel's inquiries as to whether or not Miss Ostrowski reported the incident to the Chicago Liquor Control Commission, and as to whether or not her parents had received a warning from the Liquor Control Commission in 1966. The court noted that Miss Ostrowski was not an owner of the tavern and that questions to her concerning any reports to the Liquor Control Commission would be irrelevant. Further, although the defense contended that the tavern was on probation by the Liquor Control Commission, the State made an offer of proof that if the official in charge of the Liquor Control Commission was called to testify, he would testify that in 1966, there was merely a warning given to the tavern and that the tavern was not then

on probation, nor was the tavern on probation subsequently. He would further testify that the incident in question was reported to the Liquor Control Commission via the normal channels of the Chicago Police Department.

The defense also argues that it was not allowed to ask Ronald Ostrowski, who was a Chicago Police Department cadet, about the internal rules of the Chicago Police Department. The trial court found such a question irrelevant.

Defendant also contends that his cross-examination of Mrs. Leona Ostrowski was improperly restricted. After testifying at trial that she had opened the door for defendant, after he ordered her to do so, Mrs. Ostrowski was asked whether she ever told the members of the grand jury that she opened the door for defendant. The State's objection to this question was overruled by the court and Mrs. Ostrowski answered the question, although after several further questions and answers the court sustained the original objection "for the record."

■■ Defendant further argues that his cross-examination of Officer Brian Murphy was improperly restricted. Defendant was prohibited from asking Officer Murphy if his arrest report mentions the firing of shots in the tavern other than the one he fired at defendant. The question was asked in an attempt to impeach the Ostrowskis' testimony by showing that the Ostrowskis' had fabricated the story that defendant had fired such shots, and that they had made such fabrication at a date subsequent to the incident and that reference to any such shots would therefore not appear in the arrest report. The defense, however, made no attempt to show that such report was a substantially verbatim account of a witness' testimony, nor that such report was even specifically attributable to any specific witnesses. It is well settled that one cannot impeach by a statement not in the witness' words or substantially verbatim. *People v. Williams*, 72 Ill.App.2d 96, 218 N.E.2d 771.

■■ The defense is entitled to reasonable cross-examination for the purpose of impeaching or discrediting the testimony of a witness. The extent of the cross-examination, with respect to an appropriate subject of inquiry, however, rests in the sound discretion of the trial judge. It is only where there is an abuse of discretion resulting in manifest prejudice to defendant that a reviewing court will interfere. (*People v. Nugara*, 39 Ill.2d 482, 236 N.E.2d 693; *People v. Taylor*, 132 Ill.App.2d 270 N.E.2d 628.) In the instant case, after careful review of the record, we find the defendant, whose cross-examination of the Ostrowskis and of Officer Murphy occupied more than 100 pages of transcript, was not prejudiced, nor was he denied his rights to cross-examine or confront witnesses by the exercise of the trial judge's discretion.

Defendant's final contention on appeal is that testimony regarding his prior conviction for armed robbery was improperly admitted at trial, as defendant was not represented by counsel at the time of the conviction. The defense, prior to trial, asked the trial court to rule that the defendant's prior conviction would be inadmissible to impeach the credibility of defendant. The court denied defendant's request and it was the defense that raised defendant's prior conviction at trial. Before making its ruling, the trial court had the entire file of the case in which defendant was convicted brought before it and noted that Judge McDermott, before whom the defendant had appeared, had entered an order appointing the Public Defender as counsel for defendant Matthews. ▮▮ The trial court found that defendant had been represented by counsel at the time of his prior conviction. After examining the record of the instant case, we find no error in the court's ruling and as defendant himself then proceeded to bring out the evidence of the prior conviction, we are unable to find any prejudice to him.

For the foregoing reasons, the judgment of the Circuit Court of Cook County is hereby affirmed.

Judgment affirmed.

DIERINGER, P. J., and BURMAN, J., concur.