suant to the unlawful entry. Neither essential element appears to exist. After some discussion of the impact of Officer Radcliffe's assumed name on the lawfulness of his entry and presence as an employee on the premises of the Biscuit Company, the trial court concluded that Radcliffe, as an employee, was on the premises at the invitation of the owner and had the same right to be there as did defendants. In any event, it seems clear that none of the defendants would have any standing to question the lawfulness of Radcliffe's entry and presence on the premises, nor were they agents of the Biscuit Company for that purpose. Secondly, the offenses for which they were arrested were the offenses which Radcliffe had observed each defendant to have committed on occasions from 10 February 1971 up to and including the morning of 19 February 1971. For those observed offenses, Officer Radcliffe had probable cause to make the several warrantless arrests, and, since the arrests were lawful, the evidence seized incident thereto (which apparently consisted of gambling paraphernalia used in accepting bets on horse races) was lawfully seized and could be used to support the charges against defendants.

The trial court erred in sustaining the defendants' motion to suppress.

The judgment of the trial court is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Judgment reversed and cause remanded.

STAMOS and DOWNING, JJ., concur.

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* KENNETH MORGAN, Defendant-Appellant.

(No. 59477;

First District (5th Division)—June 7, 1974.

818

Opinion by Mr. JUSTICE DRUCKER.

Charlotte Adelman, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., and John B. Adams, Assistant State's Attorneys, of counsel), for the People.

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* EDWARD WEATHERSPOON, Defendant-Appellant.

(No. 59343;

First District (5th Division)—June 7, 1974.