THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ERNEST SAWYER *et al.*, Defendants-Appellants.

(No. 57119;

First District (1st Division)—August 5, 1974.

James J. Doherty, Public Defender, Frederick F. Cohn, and James M. Gaynor, all of Chicago, for appellants.

Bernard Carey, State's Attorney, of Chicago, for the People.

Mr. JUSTICE HALLETT delivered the modified opinion of the court:

Ernest Sawyer, Floyd Cummings and John Robinson (plus Thomas Baggett, since deceased) were found guilty by a jury of the murder of Sam Gerrick and sentenced to 50 to 75 years in the penitentiary. They appealed to this court, which affirmed. (*People v. Robinson* (1972), 3 Ill.App.3d 858, 279 N.E.2d 515.) That opinion sets out the evidence in considerable detail and we shall not do so here.

Sawyer then filed a section 72 petition and two post-conviction petitions which were dismissed without an evidentiary hearing. On appeal the supreme court, in *People v. Sawyer* (1971), 48 Ill.2d 127, 268 N.E.2d

689, affirmed the dismissal of the section 72 petition but reversed the dismissal of the post-conviction petitions in part and remanded on two specific issues which will subsequently be discussed in detail. Cummings also filed a post-conviction petition which was then joined with the Sawyer post-conviction remand for hearing.

Robinson had filed a separate post-conviction petition alleging errors not raised here and that was dismissed without a hearing. This was affirmed by the supreme court in *People v. Robinson* (1969), 42 Ill.2d 371, 247 N.E.2d 898. He then filed a section 72 petition which was dismissed without an evidentiary hearing. During an appeal from this, Robinson and the State agreed to an order reversing the dismissal and to a remand for a consolidated hearing with that of his co-defendants Sawyer and Cummings, pursuant to the supreme court's remandment.

All three defendants joined in a full evidentiary hearing before Judge Stark during which a total of 13 witnesses testified, including the four defendants, their trial counsel, the two prosecutors, various police officers and others. At the conclusion of said hearing, all petitions were dismissed and all relief denied. The appeal now before us is from that dismissal. Two issues are presented by all three defendants and a third issue only by Sawyer.

The *first* issue, as stated by the supreme court in its opinion (*People v. Sawyer* (1971), 48 Ill.2d 127, 129, 268 N.E.2d 689), is the defendants' contention that their constitutional right to a fair trial was violated when:

> "* * * the prosecution permitted Carrie Lee Hyde to testify that she had not 'been arrested except for this incident, when the prosecution knew that she had a prior arrest and conviction record for prostitution and use of narcotics.'"

The evidence does not support this contention.

■■ In the first place, as shown by the transcript of the 1967 trial, which was in evidence here, Carrie Lee Hyde did not testify that "she had not been arrested except for this incident."

What she actually testified (1967 Transcript at 117), on cross-examination was that "I have never been in jail but once and that was when they locked me up for this."

The record of arrests and convictions upon which the defendants rely so heavily demonstrates that her said statement was true in the sense that her prior offenses had resulted in nothing more than a series of fines and one suspended jail sentence.

In the second place, the evidence at the evidentiary hearing on the remand does not demonstrate that either of the prosecutors knew of her said previous record. On the contrary, Gino Divito (Record at 173-174) and James Schrier (Record at 191) both testified that they did not know

that she had a prior criminal record.

■■ The defendants cite *People v. Martin* (1970), 46 Ill.2d 565, 264 N.E.2d 147, for the proposition that because one of the police officers here had a check made on Miss Hyde's background, the prosecution must be charged with that information. *Martin*, in our opinion, was controlled by the fact that a police officer who knew the key witness in a narcotics case was a paid informer got on the stand and testified to the contrary. There the court reasonably concluded, at page 567, that:

"* * * where, as here, the falsity lies in the testimony of a law enforcement officer giving evidence favorable to the prosecution, * * * it matters not that the prosecuting attorney himself does not have knowledge of the falsity, * * *."

Since the police officer obtaining the information was not a witness at the trial, we deem *Martin* inapplicable to the case here before us.

In the third place, there is no evidence in the record that Miss Hyde was a prostitute or a user of narcotics. Her New York conviction, which resulted in a 6-month suspended sentence, resulted from her purchase of a 5-pound bag of marijuana for a third party, which she turned over to police authorities. These circumstances were clearly set out during the hearing below, and we see no reason for disturbing the trial judge's conclusion that the defendants' rights were in no way violated.

The *second* issue, as stated by the supreme court in its order of remandment (*People v. Sawyer*, 48 Ill.2d 127, 130, 268 N.E.2d 689), is whether the defendants' contention that their constitutional right to a fair trial was violated when:

"* * * the State's Attorney failed to disclose to the defense counsel that Carrie Lee Hyde was originally charged by complaint with being an accomplice to the same murder for which the defendant was being tried, * * *."

Implicit in this allegation are lack of knowledge on the part of the defendants; knowledge on the State's part that neither the defendants nor their attorney knew that Carrie Lee Hyde had been charged; and the wilful concealment of that information.

Carrie Lee Hyde had been arrested the same night as the defendants Cummings and Robinson and charged with "accountability of murder." She was released on bond, and the charge was stricken with leave to reinstate some 2 months before trial. At the post-conviction hearing, the assistant public defender who represented all the defendants at trial testified that neither his clients nor his co-counsel nor the prosecutors advised him that Miss Hyde had been so charged; and that he first learned of that fact some 2 years after the original trial. He also testified that he asked the defendants what they knew about Carrie Lee Hyde.

Officer Gerald Slattery testified that he made the police reports following the arrest of the defendants and the fact that Carrie Lee had been charged with accountability of murder was in the police report. That report which was in the possession of the investigating officer at the trial, indicated that the charge had been placed against her for her protection because she was in fear of her life.

Officer Richard Bedran testified that Carrie Lee Hyde, Cummings and Robinson appeared together the day after the arrest in Branch 49 of the Circuit Court, Municipal Division. At that time, Cummings and Robinson were denied bail, but Carrie Lee Hyde was released on an individual bond.

At the orginal trial, when being cross-examined by the attorney for the three defendants, Carrie Lee Hyde said, "I have never been in jail but once *and that was when they locked me up for this.*" (Emphasis added.)

■■ At the outset we observe that the burden of proof is on the petitioner to establish a violation of his constitutional rights. Further, at the post-conviction hearing, the court may consider what transpired at the trial. And it is his function alone to determine the credibility of witnesses and the weight to be given their testimony. We judge, therefore, that a factfinder could properly have concluded that the petitioners had failed to prove that they were unaware of the fact that Carrie Lee Hyde had been charged with accountability. He could have concluded that the assistant State's Attorneys trying the case could justifiably have assumed that the defendants or their attorneys were aware of the fact that she had been charged, thereby negating any inference of wilful suppression of evidence. And he could also have concluded that the defense made a tactical decision not to inquire about the charge lodged against her to avoid any possible subsequent explanation by the State that she had been charged for her own protection and because she was in fear of her life. Significantly the State's explanation was buttressed by the fact that the charge was lodged against her *after* she made her statement, which was substantially the same as her testimony. That statement, made in the presence of Cummings and Robinson, was the only evidence against Carrie Lee Hyde. It clearly exculpated her and was insufficient to sustain a finding of accountability for murder.

Since *Brady v. Maryland* (1963), 373 U.S. 83, 10 L.E.2d 215, 83 S.Ct. 1194, was decided for the defendant on the issue of suppression of evidence favorable to an accused on the questions of guilt or punishment, there had existed a question of whether a request or demand for such information was a condition precedent to the obligation to produce it. See *People v. Howze* (1972), 7 Ill.App.3d 60, 65-66, 286 N.E.2d 507.

After the remandment in the case at bar (*People v. Sawyer* (1971), 48

Ill.2d 127, 268 N.E.2d 689), directing an evidentiary hearing, the United States Supreme Court has passed on whether such a demand was a condition precedent and has held that it was. In *Moore v. Illinois* (1972), 408 U.S. 786, 794, 33 L.Ed.2d 706, 92 S.Ct. 2562, the defendant, *inter alia*, submitted:

> "* * * the alternative claim that a specific request is not an 'indispensable prerequisite' for the disclosure of exonerating evidence by the State and that the defense could not be expected to make a request for specific evidence that it did not know was in existence."

■■ In reversing the judgment only "insofar as it imposes the death sentence," the Court, at pages 794-795, said:

> "The heart of the holding in *Brady* is the prosecution's suppression of evidence, *in the face of a defense production request*, where the evidence is favorable to the accused and is material either to guilt or to punishment. Important, then, are (a) suppression by the prosecution *after a request by the defense*, (b) the evidence's favorable character for the defense, and (c) the materiality of the evidence. These are the standards by which the prosecution's conduct in Moore's case is to be measured." (Emphasis added.)

The Appellate Court for the Fifth District came out with substantially the same result (but on other reasoning) in *People v. Howze* (1972), 7 Ill.App.3d 60, 66, 286 N.E.2d 507.

We therefore conclude that the defendants were not deprived of their constitutional right to a fair trial by the failure of the prosecution to disclose to their counsel that Miss Hyde had been charged with "accountability" for the same murder for which they were being tried.

■■ This brings us to the *third* issue, presented only by the defendant Sawyer, *viz:* whether the fact that neither he nor his attorney was present at a hearing of the respondent State's rebuttal to certain testimony presented by another defendant, Robinson on the latter's section 72 petition, deprived Sawyer of his constitutional rights to confront witnesses and to be represented by counsel.

Insofar as defendant Sawyer was concerned, the only issues remanded for evidentiary hearing were those (1) concerning Miss Hyde's alleged prior police record and the various attorneys' knowledge of it, and (2) concerning her being charged with "accountability" for the same murder and their attorneys' knowledge of that fact. No issue as to overall truth to Miss Hyde's testimony was, insofar as Sawyer was concerned, before the trial court.

Robinson, on the other hand, had pending and undetermined a section

72 petition which included, as Paragraph 6, the claim that Miss Hyde had, during the 1967 trial, told a Miss Lizzie Farr and a Miss Bernice Henry that she was going to have to testify against the defendants untruthfully or go to jail herself and his attorney Gaynor had put the said two so-called "missionary workers" on the stand to testify that they were in the courtroom during a recess in the 1967 trial and heard Miss Hyde say that she hadn't seen the robbery and was only testifying against the defendants because if she didn't, she would go to jail. On cross-examination, one (Lizzie Farr) admitted that she had kept quiet for some 2 years and said that another such worker (Bernice Hendricks) was with her at the time. The latter echoed the first's testimony but on cross-examination admitted that she had not been in the Criminal Court at 26th and California and had instead, been at 61st Street.

It was in rebuttal to this testimony on Robinson's section 72 petition that the State put in rebuttal testimony by Gino Divito, one of the original prosecutors to the effect that Miss Hyde was not threatened by him or anyone else to his knowledge and that her testimony at the trial was in accordance with her earlier statement to him. It was then stipulated that James Schrier, the other original prosecutor would testify to the same effect, and that no threats were made by the prosecution.

As a result, the defendant Sawyer was not involved and had no right to attend the hearing, which did not concern his case on remand from the Illinois Supreme Court on other issues. We therefore conclude and hold that the defendant Sawyer was not deprived of any constitutional rights to confront witnesses or to be represented by counsel when certain rebuttal testimony, pertinent only to the section 72 petition of defendant Robinson, was introduced in the absence of him and his counsel.

■■■ In concluding, we cite our supreme court's comment in *People v. Watson* (1972), 50 Ill.2d 234, 236, 278 N.E.2d 79, that:

> "In post-conviction proceedings the burden is upon the petitioner to demonstrate that he has been denied his constitutional rights. (*People v. Smith,* 45 Ill.2d 399.) To facilitate such a showing section 122—6 (Ill. Rev. Stat. 1969, ch. 38, par. 122—6) permits the court wide latitude in hearing evidence either by affidavits, depositions or oral testimony. Where witnesses are presented, we have held that the credibility and weight to be given the testimony is a matter to be determined by the trial judge and that determination is not to be questioned unless it appears to be manifestly erroneous. *People v. Logue,* 45 Ill.2d 170, 174; *People v. Downen,* 45 Ill.2d 197, 201."

Judgment affirmed.

EGAN, P. J., and GOLDBERG, J., concur.