THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, *v.*
RAYMOND MATTHEWS, Petitioner-Appellant.

First District (4th Division)   No. 62044

Opinion filed April 14, 1976.

Kenneth M. Flaxman, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and Michael E. Shabat, Assistant State's Attorneys, and John J. Verscaj, Law Student, of counsel), for the People.

Mr. JUSTICE BURMAN delivered the opinion of the court:

This is an appeal by petitioner, Raymond Matthews, from the dismissal of his petition under the Post Conviction Hearing Act (Ill. Rev. Stat. 1973, ch. 38, par. 122—1 *et seq.*) wherein he alleged that exculpatory evidence crucial to his defense had been knowingly suppressed at trial. The record reveals that petitioner had been charged with four counts of attempt murder and two counts of armed robbery. The jury returned a verdict of guilty on one armed robbery charge and not guilty as to the others. On

direct appeal his conviction was affirmed. *People v. Matthews* (1972), 7 Ill. App. 3d 1059, 289 N.E.2d 98.

The underlying facts are set forth fully in the opinion affirming petitioner's conviction and need not be repeated here except in summary fashion. Mr. Frank Kulakowski testified that on August 18, 1969, as he was attempting to close the door of a tavern, petitioner forced open the door, stuck a gun in his ribs, and announced that it was a robbery. Margaret Ostrowski, who was tending bar at the time, verified these events and added that petitioner entered the tavern with a brown bag in his right hand and a gun in the bag. She further testified that he ordered her to lie on the floor, and that as she did so she activated an alarm. Ronald Ostrowski, who was upstairs, heard the alarm and summoned the police. After taking the tavern receipts, petitioner attempted to flee through the front door. He discovered the door was locked and then fired a shot that hit the bar. Margaret Ostrowski then unlocked the door and petitioner exited. A shot was fired outside the tavern and petitioner reentered the premises. He pointed a gun at Ronald Ostrowski, but the gun was knocked from his hand by Ostrowski's father. Officer Murphy testified that on the day in question he responded to a robbery call. He observed the petitioner coming out of the tavern and ordered him to halt. Petitioner fired a shot at him and he returned a shot. Later, petitioner was arrested at the rear of the tavern. While in the squad car, petitioner mumbled something about buying beer.

At trial, petitioner took the stand in his own defense and offered a conflicting account of the incident. He stated that he entered the tavern to purchase a six-pack of beer. When the bar maid returned with his change, he ordered a vodka and orange juice. After conversing with the man seated next to him, petitioner got the feeling that the man suspected he might rob him. Petitioner then picked up his beer and started to leave. A scuffle took place and he tried to run out the front door. As he opened the door, petitioner noticed a policeman pointing a gun at him. Believing that the officer might shoot, petitioner ran back into the tavern. He then was shot by someone in the tavern. Petitioner testified that he did not have a gun.

The thrust of petitioner's post-conviction petition is that the State suppressed evidence of a brown paper bag containing a six-pack of Budweiser beer, which if true would have confirmed his averment that he entered the tavern to purchase beer and would have cast doubt upon the testimony of prosecution witnesses. The proceedings were initiated on August 29, 1973, when petitioner filed a *pro se* application for relief under the Post Conviction Hearing Act. (Ill. Rev. Stat. 1973, ch. 38, par. 122—1 *et seq.*) Shortly thereafter, the office of the Cook County Public Defender entered its appearance as counsel for petitioner. On October 16, 1973, the

State moved to strike the petition and dismiss the proceedings alleging *inter alia* that further consideration of the issues raised in the petition was barred by *res judicata*. Mr. Kenneth Flaxman entered his appearance for petitioner on August 27, 1974. On November 14, 1974, he filed an amended post-conviction petition, and again amended same on November 26, 1974. The petition was supported by excerpts from the trial record and by two detailed factual affidavits. One such affidavit was that of James Bronner, the principal trial attorney for petitioner. The other affidavit came from Mrs. Lula Mae Hall, mother of petitioner.

It is the affidavit of Mrs. Hall upon which the suppression allegation is based. That affidavit provides in relevant part as follows:

> "On the first day of the trial of Raymond Matthews I was in the courtroom of Judge Raymond Hall, and I was sitting behind the complainant and could see and hear every word she and the police * * * was talking about * * *.
>
> The officer showed her a gun and an envelope with money in it, and a brown paper bag with six cans of Budweiser beer. The State's Attorney told the officer to take that bag out of the court room. * * *
>
> I got angry because I did not think they were supposed to show her how much money so she could write down how much it was. I went up front to my son's attorney and told him, but he did not understand about the bag. After this first day of the trial I was not allowed in the court room until I testified, so I did not hear and see what they had for evidence. They kept on talking about the brown paper bag. I did not know it was supposed to be beer; I thought they were talking about money being in a brown bag. So at the end of the trial, I went to Judge Hall's court room and explained this to him. He told me to tell my attorney, and I did. * * *"

The affidavit of James Bronner was attached to the post-conviction petition to negate any inference that he was aware of the suppression, but remained silent and knowingly failed to assert that claim on behalf of petitioner. In his affidavit Bronner stated that he tried unsuccessfully to obtain some evidence to corroborate the existence of the brown paper bag containing a six-pack of beer, because such evidence would have been material to defendant's theory of the case. He further stated that some time after trial and disposition of post-trial motions, Mrs. Hall related to him essentially the facts set out in her affidavit. He said he couldn't recall the exact date when this occurred, but he was sure it was after the disposition of the post-trial motions. He also believed it was while the case was on appeal and possibly after the filing of petitioner's appellant's brief.

After hearing argument on the State's motion to dismiss, Judge Power

requested that Mrs. Hall appear before him to clarify the matters in her affidavit. Petitioner unsuccessfully sought interlocutory review of this order. (*Matthews v. Power*, Illinois Supreme Court, No. 47354, application for a supervisory order denied March 12, 1975.) Thereafter, Mrs. Hall appeared before Judge Power, and he proceeded to question her on the allegations of her affidavit. The respective attorneys were given a similar opportunity. At the conclusion of said hearing, the trial court granted the State's motion to dismiss the petition. In his oral opinion the court related that he had examined the matters of record and found that counsel for petitioner had been informed by Mrs. Hall of her observations during the first day of trial and again during the trial and before sentencing. Accordingly, he dismissed the petition.

■■ The Post-Conviction Hearing Act provides a procedure by which a person may test the constitutional integrity of his conviction. Accordingly, proceedings under the Act are reserved exclusively for matters of constitutional dimension. (*People v. Orndoff* (1968), 39 Ill. 2d 96, 233 N.E.2d 378.) Needless to say, the knowing suppression by the State of evidence favorable to the accused can be a matter which rises to such dignity. However, it does not follow under all circumstances that such a matter may be asserted in post-conviction proceedings. Said proceedings are not a device for determining guilt or innocence, or for airing matters which could have been raised at trial. It is long settled in Illinois that any issues which were raised or could have been raised at trial or on appeal are deemed *res judicata*. (*People v. Ikerd* (1970), 47 Ill. 2d 211, 265 N.E.2d 120; *People v. Somerville* (1969), 42 Ill. 2d 1, 245 N.E.2d 461.) Moreover, where a direct appeal has been taken, any claim which might there have been raised, but was not, is considered waived. *People v. Kamsler*, 40 Ill. 2d 532, 240 N.E.2d 590.

■■ As stated above, the trial court found that counsel for petitioner twice had been informed by Mrs. Hall of the alleged suppression. One such instance occurred on the first day of trial, and the other prior to sentencing. The record reveals that despite this notification, counsel for petitioner elected not to pursue the matter. Indeed, he placed Mrs. Hall on the stand as petitioner's witness without seeking any such inquiry. Inasmuch as this matter could have been raised at trial and again on appeal, we are in accord with the trial court that it has been waived. See *People v. Orndoff* (1968), 39 Ill. 2d 96, 233 N.E.2d 378; *People v. Hampton* (1974), 18 Ill. App. 3d 186, 309 N.E.2d 778.

Petitioner further claims the court's finding of notification is not supported by the record. Emphasis is placed particularly on the affidavit of petitioner's principal trial counsel wherein he denies receiving notice of the suppression during trial. We need only remark that proceedings under the Post-Conviction Hearing Act are civil in nature, and the burden of

proof is on the petitioner to show that he has been deprived of a substantial constitutional right. (*People v. Harper* (1969), 43 Ill. 2d 368, 253 N.E.2d 451.) Moreover, findings of fact by the trial court should be upheld unless it appears that they are manifestly erroneous. (*People v. Bracey* (1972), 51 Ill. 2d 514, 283 N.E.2d 685.) The record reveals that the trial judge held a hearing at which Mrs. Hall was called as a court's witness. During that hearing the court questioned Mrs. Hall thoroughly on the allegations in her affidavit. Her testimony establishes beyond a doubt that she advised petitioner's trial counsel of her observations on two occasions during the trial. Accordingly, we hold that the record supports the court's finding that all questions relating to the brown paper bag could have been raised at trial and on appeal.

For the foregoing reasons, the dismissal of the post-conviction petition is affirmed.

Affirmed.

JOHNSON, P. J., and ADESKO, J., concur.