THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, *v.* KENNETH MORGAN, Petitioner-Appellant.

First District (5th Division)   No. 78-389

Opinion filed September 14, 1979.

Terrence E. Leonard, Chartered, and Andrew A. Ziemba, both of Chicago (Terrence E. Leonard and Andrew A. Ziemba, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr and Michael R. Sherwin, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

In this appeal from the granting of the State's motion to dismiss defendant's post-conviction petition, the sole question presented is whether the trial court erred in dismissing the petition without an evidentiary hearing to determine whether the State had suppressed evidence favorable to defendant.

A jury found defendant guilty of the murder of Leroy Berry, and his conviction and sentence were affirmed on direct appeal. (*People v. Morgan* (1974), 20 Ill. App. 3d 815, 314 N.E.2d 326 (abstract).) He then filed a pro se petition for post-conviction relief and subsequently a supplemental petition was filed on his behalf by the public defender. Both petitions alleged *inter alia* that the State suppressed evidence favorable to defendant (other allegations in the petitions were either an attempt to relitigate defendant's guilt or innocence, which is not properly the function of a post-conviction proceeding (*People v. Matthews* (1976), 37 Ill. App. 3d 1024, 347 N.E.2d 385), or were otherwise unsupported by the records filed in this and the direct appeal).

At trial, defendant testified that he was struck in the face by Berry and, in the ensuing scuffle when his fiancée screamed that Berry had a gun, he drew his revolver in self-defense and fired three shots. Berry's wife was the State's sole occurrence witness, and her testimony was summarized by the appellate court on direct appeal as follows:

"Defendant came out of his apartment with a gun in his hand. He walked past the Berry apartment and as he did so, the witness came out and stood in the hallway. Defendant opened the glass door leading to the porch, went out on the porch, said a foul word to Leroy and started shooting. After the shooting, the witness went back into the apartment, slammed the door and called the police. During this time Teresa [defendant's fiancee] was wearing a negligee.

On cross examination, it was brought out that because of Leroy's position on the front porch, she could not see him. The

witness never went out on the front porch. She did not have a clear view of defendant during the shooting."

In the supplemental petition, it is stated that Berry's wife told police investigators she did not know exactly what had occurred during the shooting incident except that she heard an argument and the firing of shots; that she was in her apartment at that time and remained there until the police came; and that although requests were made for it, the State suppressed homicide investigation written report RDK 360828 which was favorable to him in that it would reflect and verify that she made the above statement which was in conflict with her trial testimony.

After arguments of counsel, the court denied post-conviction relief without an evidentiary hearing concerning the allegation that the favorable police report had been suppressed and this appeal followed.

OPINION

■■ Proceedings under the Post-Conviction Hearing Act (the Act) (Ill. Rev. Stat. 1977, ch. 38, par. 122—1 *et seq.*) are civil in nature, and the burden of proof is on the petitioner to show that he was deprived of a substantial constitutional right (*People v. Newberry* (1973), 55 Ill. 2d 74, 302 N.E.2d 34; *Matthews*), and a post-conviction petition in order to require an evidentiary hearing must clearly demonstrate such denial (*Newberry*; *People v. Radford* (1972), 53 Ill. 2d 120, 290 N.E.2d 212). In this regard, we note that the suppression by the State of material evidence favorable to an accused which was requested by the defense is a violation of due process (*United States v. Agurs* (1976), 427 U.S. 97, 49 L. Ed. 2d 342, 96 S. Ct. 2392), which would mandate an evidentiary hearing under the Post-Conviction Hearing Act (*People v. Sawyer* (1971), 48 Ill. 2d 127, 268 N.E.2d 689; *People v. Morris* (1977), 47 Ill. App. 3d 732, 365 N.E.2d 424). However, issues which could have been presented on direct appeal are deemed waived and cannot be raised in post-conviction proceedings (*People v. Partin* (1977), 69 Ill. 2d 80, 370 N.E.2d 545), and the application of this rule is relaxed only where fundamental fairness so requires (*Partin*).

It is the contention of defendant that the police report in question disclosed that Berry's wife made a statement to the homicide investigators that she did not know exactly what had occurred during the shooting incident, stating only that she heard an argument and the firing of some shots. He maintains that such a statement, being contrary to her trial testimony, could have been used to question her credibility. He points out that a petition for post-conviction relief assumes the truth of properly pleaded allegations of fact for the purposes of a motion to dismiss (*People v. Wilson* (1968), 39 Ill. 2d 275, 235 N.E.2d 561), and he argues that he was

deprived of due process by the failure of the court to hold an evidentiary hearing as to whether such a report was suppressed.

The State does not assert that the allegations in question are conclusions rather than well-pleaded facts, and we are of the belief that they are sufficiently factual to raise the assumption of their truth for the purposes of the motion to dismiss. The State does suggest, however, that the petition was properly dismissed because "the issue pertaining to the suppression of evidence was a matter known to the petitioner at trial and could have been raised on direct appeal." By failing to do so, the State argues that defendant waived his right to raise the issue in this appeal. To sustain this waiver argument, the State makes certain references to the record which we have examined and find to be unsupportive.

Initially, the State says that defendant conceded such knowledge by a statement in his original petition as follows: "That during the petitioner's State trial the State's Attorney had presented to petitioner's defense counsel false, altered and deleted documents and pretrial records * * *." From our examination of the record, it appears that the documents referred to were transcripts of the coroner's inquest, the preliminary hearing, and a police document containing an alleged confession of defendant—none of which indicate the existence of the report in question. Thus, we reject the contention that defendant conceded knowledge by the quoted statement. The second reference by the State centers in a comment by defense counsel to the court prior to trial that he had received the police reports containing all oral and written statements of witnesses. We note, however, the portion of the record cited by the State[1] discloses that defendant's counsel merely stated he had all the records "that the State has reported to have available at this time." This statement cannot be considered as knowledge by defendant of the alleged homicide investigative report, as the State does not assert nor does the record disclose that the report in question was acknowledged by the State or that defendant was otherwise informed of its availability. The third reference is stated in the State's brief, as follows:

> "Following the testimony of the victim's wife, Mrs. Freddie May Berry, the petitioner's counsel complained to the court that he could not cross-examine the witness regarding any prior statements because he possessed only a 'burglarized' police report."

From this statement, it is reasoned by the State that defendant had knowledge of the investigative report but elected not to raise the question of its suppression on direct appeal and thus has waived the issue here. We

---

[1] The record of the direct appeal is currently on file in the United States Court of Appeals for the Seventh Circuit, which involves an appeal of defendant's habeas corpus action (United States ex rel. Morgan v. Morris, No. 78-1689, 7th Cir., filed May 31, 1978), which remains pending.

see no merit in this conclusion as, from our review of the trial proceedings, it appears that at the time counsel made the quoted statement, he possessed only a one-page police report which does not disclose that there was a separate homicide investigative report, and there is nothing indicated in the portion of the record cited by the State which would sustain its conclusion that defendant knew of the existence of the latter report.

For the reasons stated, we reverse the order granting the motion to dismiss the post-conviction petition and remand to the trial court for further proceedings.

Reversed and remanded.

LORENZ and WILSON, JJ., concur.