THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, v.
MARK TULER, Petitioner-Appellant.

Third District    No. 3—92—0745

Opinion filed March 16, 1994.

Richard H. Parsons, of Law Chambers of R.H. Parsons, of Peoria, for
appellant.

Kevin W. Lyons, State's Attorney, of Peoria (John X. Breslin and Judith
Z. Kelly, both of State's Attorneys Appellate Prosecutor's Office, of counsel),
for the People.

JUSTICE BARRY delivered the opinion of the court:

The petitioner, Mark Tuler, pled guilty to residential burglary
and was sentenced to an extended term of 20 years' imprisonment.
No direct appeal was taken. However, the petitioner filed a petition
for post-conviction relief which was subsequently denied. The
petitioner appeals the denial of that petition.

The record reveals that on October 20, 1988, the petitioner
entered a blind plea of guilty to residential burglary in exchange for
the dismissal of charges of aggravated battery and armed robbery.
He was subsequently sentenced to an extended term of 20 years'
imprisonment based on brutal and heinous behavior indicative of
wanton cruelty. See Ill. Rev. Stat. 1991, ch. 38, par. 1005—5—3.2(b)(2).

On December 3, 1991, the petitioner filed a post-conviction petition. Public defender Marcia Straub was appointed to represent him. On June 1, 1992, the petitioner filed a motion to dismiss Straub as counsel. On July 24, 1992, the petitioner appeared in court on that motion and indicated that he wished to proceed *pro se*. The court allowed Straub to withdraw but ordered her to act as standby counsel.

On September 25, 1992, the petitioner appeared and noted that the Menard Correctional Center had been on lockdown for a week, but stated several times that he was ready to proceed. He was then sworn in as a witness and began testifying in narrative form as to facts and arguments in support of his petition for post-conviction relief. At various times during the proceedings, the petitioner conferred with Straub. Several exhibits were presented, including transcripts of the guilty plea and the sentencing hearing. Following argument by the State and a responding argument by the petitioner, the court denied the petition for post-conviction relief, explicitly noting that it had reviewed the transcripts. The petitioner appeals.

On appeal, the petitioner claims that he was denied due process of law at the post-conviction petition hearing. In so doing, the petitioner characterizes the proceedings below as "Kangaroo Court" proceedings which "resembled something from the Court of Star Chamber." We find that the facts of the instant case make such characterizations inappropriate.

In support of his denial of due process, the petitioner presents two main arguments. First, he argues that the circuit court erred in failing to hold an evidentiary hearing. (See *People v. Sawyer* (1971), 48 Ill. 2d 127, 268 N.E.2d 689.) Second, the petitioner contends that standby counsel Straub should have advised him not to proceed until he was properly prepared and that the trial court erred in not inquiring further into his preparedness.

■ In support of his argument that there was no evidentiary hearing, the petitioner contends that the circuit court admitted that no evidence was presented and that what was presented by the petitioner was "really argument." However, this contention is founded upon rather selective editing. What the court actually stated was, "I make the observation that most of what the defendant presented was really argument." From this, it is apparent that the circuit court was acknowledging that much of what the petitioner stated was argument but was not suggesting that no evidence was presented. Moreover, it is clear from our review of the record that an evidentiary hearing was held, and that the petitioner was allowed to present evidence, including his own testimony. Additionally, several exhibits were before the court, including transcripts of the previous

proceedings in this matter. In fact, the trial court explicitly noted it had reviewed these transcripts prior to handing down its judgment. Under these circumstances, we find no merit to the petitioner's contention that an evidentiary hearing was not held.

We now turn our attention to the petitioner's contentions that standby counsel Straub should have advised him not to proceed until he was properly prepared and that the trial court erred in not inquiring further into his preparedness. We note that the petitioner cites no authority in support of these contentions. Moreover, these contentions appear to be premised entirely upon the petitioner's statement that the Menard Correctional Center had been on lockdown for a week. The petitioner notes that due to the lockdown, the petitioner was denied access to the law library, photocopy machine, and other office resources. He then suggests that because an experienced trial counsel would have requested a continuance under such circumstances, it was improper for standby counsel Straub to fail to make such a request and for the trial court to fail to inquire into whether a continuance was necessary.

■ A defendant who chooses to represent himself must do so even though a court may appoint standby counsel. (See *People v. Taggart* (1992), 233 Ill. App. 3d 530, 599 N.E.2d 501.) Here, although the petitioner did mention that Menard had been on lockdown for a week, he never stated that he was unprepared. In fact, several times he stated that he was ready to proceed. Under these circumstances, neither standby counsel Straub nor the trial court was obligated to take further action concerning his preparedness.

For the reasons set forth above, we are unable to say that the petitioner was denied due process of law. Accordingly, the judgment of the circuit court of Peoria County is affirmed.

Affirmed.

SLATER, P.J., and LYTTON, J., concur.